UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COLBY ALEXANDER FRANK,

    Plaintiff,

v.

RANDY FINE; KERRY TAKACS; and UNKNOWN 911 CALLER,

    Defendants.

Case No. 6:23-cv-2043-PGB-RMN

## REPORT AND RECOMMENDATION

Colby Alexander Frank, proceeding *pro se*, has filed a civil complaint against Representative Randy Fine, Kerry Takacs, and an "Unknown 911 Caller." Dkt. 1. Plaintiff also filed a Motion to Proceed *in forma pauperis* (the "IFP Motion"). Dkt. 2. Considering the standards the Court must apply and the allegations in the Complaint, I respectfully recommend denying the IFP Motion and dismissing the Complaint.

### I. LEGAL STANDARDS

While reviewing the allegations in the Complaint and the IFP Motion, the Court must consider the standards below.

#### A. Pleading Standards

A complaint must state a claim for relief that includes (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and

plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). Each allegation must be "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

A complaint must allege facts, accepted as true, that state a claim "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard asks for less than a probability but "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Complaints that fail to comply with procedural rules "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Examples of shotgun pleadings include a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and a complaint with "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov v. Amuial*, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (alteration in original). When faced with a shotgun pleading, dismissal may be appropriate. *Weiland*, 792 F.3d at 1320.

### B. Liberal Construction Standards

A court must construe a pleading drafted by a pro se litigant liberally and hold the pleading to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Liberal construction does not mean forgiving noncompliance with procedural rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

### C. In Forma Pauperis Standards

A court may authorize a plaintiff to initiate a lawsuit without prepaying fees. 28 U.S.C. § 1915(a)(1). While a litigant need not show he is "absolutely destitute," he must show an inability "to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004).

That said, the United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Thus, before a plaintiff may proceed in forma pauperis, a court must review the complaint to determine whether it is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). If the complaint is deficient, the court is required to dismiss the lawsuit. *Neitzke*, 490 U.S. at 324.

## II.  ANALYSIS

The resolution of Plaintiff's IFP Motion turns on the adequacy of the Complaint. The Complaint lists alleged causes of action as: "(1) Contempt of First Amendment; (2) Contempt of Fourteenth Amendment; (3) Intentionally induced emotional distress; (4) Personal loss of income; (5) Destruction of character/defamation/slander; (6) threats." Dkt. 1 at 11. Not only are some of these not proper causes of action, but the Complaint wholly fails to have any facts related to each alleged "cause" of action.[1]

The Complaint contains an "Affidavit of Criminal Complaint," listing out what the Court construes as the facts of the Complaint. The Complaint states that Plaintiff approached Defendant Fine on the morning of October 4, 2023, and attempted to engage in a political debate regarding religious literature and Israel. Dkt. 1 at 7. Plaintiff identified himself to Defendant Fine as a member of the Goyim Defense League. *Id.* The Complaint alleges that Defendant Fine called Plaintiff "derogatory names," "proceeded to tell his supporters that Plaintiff assaulted him," and "communicat[ed] libelous and slanderous materials on X (formerly Twitter)." *Id.* Notably, there are no allegations regarding Defendant Kerry Takacs or any "Unknown 911 Caller."

---

[1] Because this Report recommends dismissing the Complaint due to shotgun pleading standards, it does not reach the ultimate issue of whether the Complaint states a claim for relief for each cause of action.

The Eleventh Circuit has repeatedly condemned shotgun pleadings. In fact, the Eleventh Circuit has acknowledged it "thirty-year salvo of criticism aimed at shotgun pleadings" and identified four categories. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015). Plaintiff's Complaint fits squarely into at least three of the categories identified as it is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; it is "one that commits the sin of not separating into a different count each cause of action or claim for relief"; and it "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*

In other words, the Complaint fails to precisely parcel out and identify facts relevant to each of his purported claims. The Complaint also fails to separate into different counts the various claims asserted to each Defendant, depriving the Defendants of "adequate notice of the claims" asserted and the grounds supporting each claim. *Id.* at 1323. As a result, the Court and Defendants face the onerous and likely hopeless task of sifting through the Complaint to determine which facts are relevant to each cause of action. This manner of pleading contravenes the mandate of the Federal Rule of Civil Procedure 8(a) that pleadings contain "short and plain" statements "showing that the pleader is entitled to relief" for the asserted claim. Fed. R. Civ. P.

8(a)(2). Because the Complaint is altogether unacceptable, the Court should require Plaintiff to replead. *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). If Plaintiff chooses to replead, his amended complaint must clearly identify each claim for relief—and to which Defendant they apply—and must clearly delineate which factual allegations are relevant to each claim.

### III.  CONCLUSION

Accordingly, I respectfully **RECOMMEND**:

1. Plaintiff's Motion to Proceed *in forma pauperis* (Dkt. 2) be **DENIED**;

2. Plaintiff's Complaint (Dkt. 1) be **DISMISSED without prejudice**; and

3. Plaintiff be **granted** leave to file an amended complaint.

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver

of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on October 24, 2023.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Paul G. Byron

Colby Alexander Frank
POB 13264
Fort Pierce, FL 34979