DEC 1 2023 AM8:39
FILED - USDC - FLMD - ORL

# United States District Court
# Middle District of Florida
# Orlando Division

Case No.
6:23-cv-2043-PGB-RMN

Frank v. Fine

# Causes

For the order of October 24, 2023, Plaintiff requested in writing 60 days to complete said order to file a Notice of Pendency of Other Actions and a Certificate of Interested Persons.  Plaintiff also responded and directly linked Defendant Fine's social media posts to the State Statutes and Federal Codes that Defendant Fine has violated.  Unfortunately, Plaintiff's friends are jailed for distributing First Amendment protected literature that Defendant Fine opposes and this takes time away from Plaintiff's other duties.  Plaintiff again requests continuance to file the Certificate of Interested Persons.  This document will outline the causes that Plaintiff brings before this Honorable Court.

1) **Intentional Destruction of Character.**  Plaintiff has shown this Court the criminal and malicious tweets and statements to the media coming from Defendant Fine about Plaintiff.  Plaintiff is scheduled to graduate with his degree in aerospace engineering on December 15, 2023.  The U.S. Borough of Labor Statistics documents that the median annual pay for aerospace engineers in 2022 was **$126,880**.  Defendant Fine is the State Representative from the area called the "space coast," and it is not unreasonable that Defendant Fine's destructive remarks will cause great harm to Plaintiff's

career opportunities.   Furthermore, an extremely large sector of the aerospace industry is contracted for defense purposes.   To be called a Nazi publicly, by a public official, could greatly affect Plaintiff's opportunities for necessary security clearances to work within those sectors of the industry that require them.   Also, it is no secret that a large portion of the aerospace industry that is contracted for defense has a stake in Israel, and is heavily lobbied by Israel.   Plaintiff has invested heavily in his aerospace engineering education, amassing an estimated amount of student loan debt repaid over 120 months to be **$82,395.60**.   According to *glassdoor.com* the average annual pay for an aerospace engineer with 0-1 years of experience ranges from **$72,000** to **$126,000**.   Even by the most conservative of estimates if Plaintiff is delayed from beginning his new career path by just 1 year due to Defendant Fine's remarks it would cost Plaintiff **$72,000** in unpaid wages as well as **$8,239.56** in unpaid student loan debt which would be accruing additional interest on the principal.   At the median salary of $126,880 a 20-year career in the aerospace industry is worth **$2,537,600**.   Defendant Fine's remarks are derogatory and false, both verbally and written, made with malice and criminal intent to cause damages by the Defendant causing future losses and injury to Plaintiff's professional reputation.   Facts numbered **9**, **10**, and **12** of the original complaint, and the corresponding evidence packets all relate to this cause.   For this cause Plaintiff is seeking a compensatory damage total of **$1,000,000** for damages to professional reputation.   Plaintiff also seeks an order from this Court to force a public apology.

2) **Intentionally Induced Emotional Distress.**   For Defendant Fine making threats and conspiring against Rights secured by the Constitution of the

United States and the Constitution of the State of Florida, Plaintiff is seeking an additional **$1,000,000** in both compensatory and punitive damages. Defendant Fine told the media orally he would introduce legislation to legalize punching a Nazi. He also tweeted that the day would not be one of his [Plaintiff's] days. Facts number **6** and **13** and the corresponding evidence relate to this cause against Defendant Fine. Fact number **14** and the corresponding evidence also provides cause for this distress. By his own account Defendant Fine has been proud of his conspiring to deprive Plaintiff and Plaintiff's friends of our First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights. For no other reason than his political beliefs, Plaintiff is now in grave danger with certain Sheriffs eager to arrest him for exercising Constitutional rights. Due to his actions Defendant Fine has personally overseen and managed an assault on the First Amendment never before seen in this country. Plaintiff now has genuine fear for his safety while exercising his First Amendment rights, within the opinion of supporting Supreme Court caselaw, see *Schneider v. State, 308 U.S. 147 (1939)*, facing ***years of false imprisonment*** for the act of distributing political and religious fliers to people's homes that Defendant Fine deems to be "hate litter." See *STATE OF FLORIDA V. JON EUGENE MINADEO, Palm Beach County*. To weaponize the law as a privilege for some and a prejudice for others is completely outside of the spirit of the law and brings into question the law's authority and enforceability. Maxims of law as well as the Fourteenth Amendment demand equal protection under the law. HB269 clearly violates the free speech rights of Floridians.

3) **Breach of Contract.** Every public official must swear an Oath of Office contracting to support and defend the Constitution of the United States.

Public officials also remain trustees to the public, fiduciaries. Defendant Fine is in clear violation of his Oath, not only by negligence but also by intention. Meeting multiple state officials and agents to discuss and lobby for legislation that clearly infringes upon the right to publish and circulate ideas is a breach of his contractual Oath of Office. Courts have found that violations of Constitutionally protected rights can by themselves be a cause of action, "In *Bell v. Hood*, 327 U.S. 678 (1946), we reserved the question whether violation of that command by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct. Today we hold that it does." *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 389 (1971)   While Defendant Fine is a State employee and not Federal, the question here is not as to whether his designation demands that this Court hear the case or the State Court hears the case, the question here is whether or not a violation of Constitutional rights brings forth a cause of action. It is abundantly clear that Defendant Fine is unfit for civil service.