# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**COLBY ALEXANDER FRANK,**

        **Plaintiff,**

v.                                                                           Case No: 6:23-cv-2043-PGB-RMN

**RANDY FINE, KERRY TAKACS
and UNKNOWN 911 CALLER,**

        **Defendants.**
_____/

## ORDER

This cause comes before the Court on Plaintiff's Response to Report and Recommendation (Doc. 11 (the "**Response**")), filed on December 1, 2023.

Plaintiff filed its Complaint (Doc. 1 (the "**Complaint**")) and Motion to Proceed *in forma pauperis* (Doc. 2 (the "**Motion**")) on October 23, 2023. Soon thereafter, on October 24, 2023, Magistrate Judge Robert M. Norway issued a Report and Recommendation (Doc. 5 (the "**Report**")) recommending that the Court deny the Motion, dismiss the Complaint without prejudice, and grant Plaintiff leave to file an amended complaint. On November 20, 2023, after an independent *de novo* review of the record, and noting that no objections were timely filed, the Court issued an Order (Doc. 7 (the "**Order**")) adopting the Report. Therein, the Court directed Plaintiff to file an amended complaint on or before December 4, 2023. (Doc. 7). However, on December 1, 2023, Plaintiff filed the Response, asserting objections to the Report and "requesting an extension of time

(60 days) to amend the existing lawsuit without dismissal." (*See generally* Doc. 11).

First, the time period for Plaintiff to file objections to the Report has long passed.[1] As such, the Court will not consider any possible objections within the Response. (*See* Doc. 11, p. 2). Nonetheless, in the Response, Plaintiff also requested an extension of time to file its amended complaint. Considering Plaintiff requested an extension prior to the filing deadline, the Court will allow Plaintiff additional time to file an amended complaint. (*See id.*); *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). However, the Court finds an extension of sixty (60) days unreasonable and thus, grants Plaintiff's request for an extension in part.

Accordingly, Plaintiff shall file an amended complaint on or before December 12, 2023. Plaintiff's failure to timely comply with this Order and file an amended complaint will result in dismissal of this action *with* prejudice and without further notice.

Therefore, it is **ORDERED** as follows:

---

[1] Plaintiff's objections to the Report were due on or before November 7, 2023. (*See* Doc. 5, p. 6 ("Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." (quoting FED. R. CIV. P. 72(B)(2)))). Alas, the Court provided Plaintiff an additional thirteen (13) days past the aforementioned deadline to object before the Court ultimately issued an Order adopting the Report. (Doc. 7). Then, following the Court's Order, Plaintiff untimely filed its objections on December 1, 2023. (Doc. 11).

1. Plaintiff's Response to the Report and Recommendation (Doc. 11) is **GRANTED IN PART AND DENIED IN PART**;

2. Plaintiff shall file an amended complaint in compliance with this Order and all applicable rules and law on or before December 12, 2023; and

3. Failure to timely comply with this Order and file an amended complaint will result in the dismissal of this action *with* prejudice and without further notice.

**DONE AND ORDERED** in Orlando, Florida on December 5, 2023.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3