# United States District Court
# Middle District of Florida

Colby-Alexander: Frank

           Plaintiff

        V.

Randy Fine

           Defendant

                                Civil Case No: 6:23-cv-2043-PGB-RMN

Plaintiff is under the belief that stating his causes satisfied the orders to amend and that this amended complaint satisfies the orders to amend and brings forth the following causes of action and alleges the following:

## JURISDICTION

This is a civil action seeking relief and/or compensation for damages to defend and protect the rights guaranteed by the Constitution of the United States against criminal harassment. This action is brought pursuant to 42 U.S.C 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C 1331, 1343(3), 2201, and 1443.

# **PLAINTIFF IS PRO-SE AND DEMANDS THAT THIS COURT REMAINS FOCUSED SOLELY ON THE LAWS AT HAND AND REQUEST FULL CONSIDERATION WITH REGARDS TO PROCEDURE, FORMATTING, ETIQUETTE, ETC.**

# **NO COUNSEL WILL TOUCH THIS CASE DUE TO THE POLITICAL NATURE OF THE FACTS.**

# **FURTHERMORE, PLAINTIFF DOES NOT BELIEVE THAT ANY BAR COUNSEL WILL MOVE HIS CASE IN A POSITIVE DIRECTION WITH PLAINTIFF'S BEST INTERESTS IN MIND.**

See:
1) Elmore v. McCammon (1986) 640 F. Supp. 905
2) Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594 (1972)
3) Jenkins v. McKeithen, 286 F. Supp. 537 (E.D. La. 1968)
4) Picking v. Pennsylvania R. Co., 151 F.2d 240 (3d Cir. 1945)
5) Puckett v. Cox, 456 F.2d 233 (6th Cir. 1972)

# PARTIES

Plaintiff:

Colby-Alexander: Frank, Man
PO Box 13264,
Fort Pierce, Fl
34979
941-275-5712

Witnesses:

Brian Hulliger, Friend
Giovanni Lorenzo, Friend
Maritza, Marriott Employee
Amber Jo Cooper, Florida's Voice
Ron Filipkowski, Media Touch Network
Eric Rogers, Florida Today
Esther Bower, Fox35 Orlando
Yael Herschfeld (ADL South Florida)
Kerry Takacs
Volusia County Sheriff Mike Chitwood


Defendants:

Randy Fine

# STATUTES/CODES THAT HAVE BEEN BROKEN BY CIVIL SERVANTS, AGENTS, AGENCIES, ETC, OR HAVE PROBABLE CAUSE TO BE INVESTIGATED

FS836.05    Threats; extortion.

FS836.09    Communicating libelous matter to newspapers; penalty.

FS836.115    Cyberintimidation by publication.

FS112.311    Legislative intent and declaration of policy.

FS112.3213

FS112.313    Standards of conduct for public officers, employees of agencies, and local government attorneys.  Section 6, Section 9(a)1

FS365.172    Emergency communications number "E911."

FS838.016 Unlawful compensation or reward for official behavior.

FS838.15 Commercial bribe receiving.

FS838.16 Commercial bribery.


18 U.S. Code § 241 - Conspiracy against rights

18 U.S. Code § 245 - Federally protected activities

18 U.S. Code § 247 - Damage to religious property; obstruction of persons in the free exercise of religious beliefs

18 U.S. Code § 201 - Bribery of public officials and witnesses

18 U.S. Code § 203 - Compensation to Members of Congress, officers, and others in matters affecting the Government

18 U.S. Code § 1968 - Civil investigative demand

28 U.S. Code § 4101 - Definitions

# Affidavit of Criminal Complaint

1) On the morning of 10/4/2023, Plaintiff approached Defendant Fine on his way to a public speaking event with a gopro camera in one of his hands and a stapled packet of political/religious literature in his other hand with intent to debate and discuss Plaintiff's political/religious literature and the drafting and signage of HB269 in Israel.

2) Upon rounding a parking lot corner where his view was obstructed by cars, Plaintiff said "Is that Randy Fine?  Mr. Fine?"

3) Defendant Fine then asked "who are you?"

4) Plaintiff answered, "Colby Frank, Goyim Defense League."

5) Plaintiff began to question or invite Defendant Fine to a political debate or to schedule such debate regarding literature and the entirety of the public literature campaign around jewish political involvement in multiple progressive political theaters.

6) Defendant Fine scoffed and called Plaintiff "scum, nazi," and other derogatory names. Defendant Fine said "you're lucky I don't punch you in the fucking face."  Defendant Fine also said that antisemitism could never be defeated with "assholes like you [plaintiff] in our state."

7) More back and forth was said, ending with Defendant Fine saying "you're beneath me."

8) Plaintiff and his friends then completely left the event facility for almost 2 hours.

9) Defendant Fine proceeded to tell his supporters that Plaintiff assaulted him.  **(Packet A)**

10) Defendant Fine decided to communicate libelous and slanderous materials on X (formerly twitter) about Plaintiff, calling him a Nazi and using the term "jumped," to describe approaching him with a gopro camera for questions or to schedule a debate.  On his twitter tirade Defendant Fine also said this would not be one of Plaintiff's better days.  Defendant Fine decided to share Plaintiff's picture, clearly showing his face on X and to multiple news agencies.  Defendant Fine said he wants to legalize punching nazis. **(Packet B)**

11)  As Defendant Fine's event was concluding, Plaintiff and a few friends went to the entrance/exit to the facility that Defendant Fine and his political supporters were leaving with political signage to spread awareness.

12) Plaintiff's friend Giovanni Lorenzeo received information from a supporter of Defendant Fine that someone alleged we had "stormed a meeting." We never once entered the premises and this is completely and openly false. **(Packet A)**

13) Defendant Fine has a long history of calling for threats and violence against his political opposition. In a press release it was confirmed that Defendant Fine posted to Facebook "Kyle should shoot these assholes," referring to a political banner pointing out that the three men shot in self defense by Kyle Rittenhouse happened to be jewish. **(Attachment C)**

14) Defendant Fine has a long history of conspiring with other political agents and agencies against protected free speech activities as well as abusing his position as a legislative representative to attack the voice of other political positions. **(Packet D)**

**I swear under penalty of perjury that the affidavit of criminal complaint (AOCC) is true and correct.**

State of: Florida

County of: St. Lucie

On 12 / 8 / 2023, before me,

Jeremiah Hall,

Personally appeared,

Colby A. Frank,

[ ] Personally known to me

OR

[✓] Proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and has hereby acknowledged to me that he/she/they have executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal

_____
Notary Signature

JEREMIAH HALL
Notary Public - State of Florida
Commission # HH 360904
My Comm. Expires Feb 9, 2027
Bonded through National Notary Assn.

Jeremiah Hall
Print Name

9

9

# **<u>PLAINTIFF DEMANDS TRIAL BY JURY</u>**

## CAUSES OF ACTION/TORTS

**1. Intentional Destruction of Character.** Plaintiff has shown this Court the criminal and malicious tweets and statements to the media coming from Defendant Fine about Plaintiff. Plaintiff is scheduled to graduate with his degree in aerospace engineering on December 15, 2023. The U.S. Borough of Labor Statistics documents that the median annual pay for aerospace engineers in 2022 was **$126,880**. Defendant Fine is the State Representative from the area called the "space coast," and it is not unreasonable that Defendant Fine's destructive remarks will cause great harm to Plaintiff's career opportunities. Furthermore, an extremely large sector of the aerospace industry is contracted for defense purposes. To be called a Nazi publicly, by a public official, could greatly affect Plaintiff's opportunities for necessary security clearances to work within those sectors of the industry that require them. Also, it is no secret that a large portion of the aerospace industry that is contracted for defense has a stake in Israel, and is heavily lobbied by Israel. Plaintiff has invested heavily in his aerospace engineering education, amassing an estimated amount of student loan debt repaid over 120 months to be **$82,395.60**. According to *glassdoor.com* the average annual pay for an aerospace engineer with 0-1 years of experience ranges from **$72,000** to **$126,000**. Even by the most conservative of estimates if Plaintiff is delayed from beginning his new career path by just 1 year due to Defendant Fine's remarks it would cost Plaintiff **$72,000** in unpaid wages as well as **$8,239.56** in unpaid student loan debt which would be accruing additional interest on the principal. At the median salary of $126,880 a 20-year career in the aerospace industry is worth **$2,537,600**. Defendant Fine's remarks are derogatory and false, both verbally and written, made with malice and criminal intent to cause damages by the Defendant causing

11

future losses and injury to Plaintiff's professional reputation.  Facts numbered **9**, **10**, and **12** of the original complaint, and the corresponding evidence packets all relate to this cause.   For this cause Plaintiff is seeking a compensatory damage total of **$1,000,000** for damages to professional reputation.  Plaintiff also seeks an order from this Court to force a public apology.

**2. Intentionally Induced Emotional Distress.**  For Defendant Fine making threats and conspiring against Rights secured by the Constitution of the United States and the Constitution of the State of Florida, Plaintiff is seeking an additional **$1,000,000** in both compensatory and punitive damages.  Defendant Fine told the media orally he would introduce legislation to legalize punching a Nazi.  He also tweeted that the day would not be one of his [Plaintiff's] days.  Facts number **6** and **13** and the corresponding evidence relate to this cause against Defendant Fine.  Fact number **14** and the corresponding evidence also provides cause for this distress.  By his own account Defendant Fine has been proud of his conspiring to deprive Plaintiff and Plaintiff's friends of our First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights.  For no other reason than his political beliefs, Plaintiff is now in grave danger with certain Sheriffs eager to arrest him for exercising Constitutional rights.  Due to his actions Defendant Fine has personally overseen and managed an assault on the First Amendment never before seen in this country.  Plaintiff now has genuine fear for his safety while exercising his First Amendment rights, within the opinion of supporting Supreme Court caselaw, see *Schneider v. State, 308 U.S. 147 (1939)*, facing ***years of false imprisonment*** for the act of distributing political and religious fliers to people's homes that Defendant Fine deems to be "hate litter."  See *STATE OF FLORIDA V. JON EUGENE MINADEO, Palm Beach County*.  To weaponize the law as a privilege for some and a prejudice for others is completely outside of the spirit of the law and brings

into question the law's authority and enforceability. Maxims of law as well as the Fourteenth Amendment demand equal protection under the law. HB269 clearly violates the free speech rights of Floridians.

**3. Breach of Contract.** Every public official must swear an Oath of Office contracting to support and defend the Constitution of the United States. Public officials also remain trustees to the public, fiduciaries. Defendant Fine is in clear violation of his Oath, not only by negligence but also by intention. Meeting multiple state officials and agents to discuss and lobby for legislation that clearly infringes upon the right to publish and circulate ideas is a breach of his contractual Oath of Office. Courts have found that violations of Constitutionally protected rights can by themselves be a cause of action, "In *Bell v. Hood*, 327 U.S. 678 (1946), we reserved the question whether violation of that command by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct. Today we hold that it does." *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 389 (1971)  While Defendant Fine is a State employee and not Federal, the question here is not as to whether his designation demands that this Court hear the case or the State Court hears the case, the question here is whether or not a violation of Constitutional rights brings forth a cause of action. It is abundantly clear that Defendant Fine is unfit for civil service.

13

## PRAYER FOR RELIEF

Plaintiff is requesting this court award him compensatory and punitive damages in an amount of **$2,000,000** from the defendant. It is the unfortunate reality that in today's political climate, to be accused of "jumping," a political adversary could have extremely serious consequences including severe bodily harm or death, especially when Plaintiff is a White civil rights advocate. To be claimed to have a pending felony against Plaintiff could also have insane consequences. Plaintiff now has irreparable damage to character which will undoubtedly affect his employment opportunities within the aerospace industry. Plaintiff will now have a much harder time securing employment within the prestigious aerospace industry. Plaintiff's face has been spread across news agencies without Plaintiff's consent after Plaintiff's pictures were taken on private property.

Plaintiff also demands a writ of quo warranto for Defendant Fine. Plaintiff also demands a public apology and recession be made.

Furthermore, the State of Florida seems to have passed a clearly unconstitutional bill titled, House Bill 269. Plaintiff requests this honorable court to strike this bill down as unenforceable due to its constitutional violations. Plaintiff is also seeking a writ of injunction against any and all police agencies attempting to persecute plaintiff for these literature distributions and a writ of *quo warranto* against Randy Fine.