# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

COLBY ALEXANDER FRANK,

    Plaintiff,

    v.

RANDALL ADAM FINE; and DOES
1-99,

    Defendants.

Case No. 6:23-cv-2043-PGB-RMN

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Plaintiff's renewed Motion to Proceed *In Forma Pauperis* (Dkt. 26), filed January 16, 2024. The motion has been referred to me for a report and recommendation. For the reasons below, I respectfully recommend the Court deny Plaintiff's request to proceed *in forma pauperis* and dismiss this action for lack of subject-matter jurisdiction.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, filed this action in October 2023 by filing a Complaint that asserted various causes of action against Defendant Fine and two others. Dkt. 1. Shortly after filing, I recommended that the Complaint be dismissed because it was a shotgun pleading. Dkt. 5 at 4–5. I recommended further that, if the Court permitted Plaintiff to replead, he should be required

to file an amended complaint that clearly identifies each claim of relief, the factual allegations relevant to each claim, and the identity of each Defendant against whom relief is sought. *Id.* at 6.

The Court adopted my report and recommendation and directed Plaintiff to file an amended complaint. Dkt. 7. Plaintiff filed an amended complaint in December 2024. Dkt. 19. That pleading asserted three or four causes of action against Defendant Fine. *Id.* at 11–13.

I reviewed that pleading to determine whether Plaintiff's claims were frivolous or malicious, failed to state a claim upon which relief may be granted, or sought monetary relief against a defendant who is immune from such relief. Dkt. 23 at 3 (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)). In a report and recommendation dated January 5, 2024, I recommended the Court dismiss the amended complaint because each Plaintiff's claims failed to state a claim upon which relief may be granted. *Id.* at 4–15.

Before the Court could issue a decision on the report and recommendation, Plaintiff filed a pleading styled as his "Third Amended Complaint" and a motion to proceed *in forma pauperis*. Dkts. 25, 26. Thereafter, the Court adopted the Report and Recommendation, dismissed Plaintiff's amended complaint for failure to state a claim, and deemed Plaintiff's third amended complaint to be the operative pleading. Dkt. 28.

Plaintiff now renews his motion to proceed *in forma pauperis*. Dkt. 26.

## II.   LEGAL STANDARDS

Plaintiff asks to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915, the Court may, upon a finding of indigency, authorize the commencement of an action without requiring the prepayment of fees or security therefor. 28 U.S.C. § 1915(a)(1). When an application to proceed *in forma pauperis* is filed, the court must review the case and dismiss it *sua sponte* if the court determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A suit is frivolous when it is "without any merit in fact or law." *Selensky v. Alabama*, 619 F. App'x 846, 848 (2015). Accordingly, where a district court determines from the face of the complaint that the factual allegations are clearly baseless, or the legal theories lack merit, the court may conclude a case has little or no chance of success and dismiss the complaint before service of process. *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).

The phrase "fails to state a claim on which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii).").

To withstand a motion to dismiss, a complaint must state a "plausible" claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although a court must accept all factual allegations in the complaint as true, it need not apply this rule to legal conclusions. *Id*. Furthermore, the factual allegations must go beyond "naked assertions" and establish more than "a sheer possibility" of unlawful activity. *Id*. (quotation marks, alteration, and citation omitted). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.  ANALYSIS

The Court is now reviewing Plaintiff's third attempt to draft a complaint that complies with the basic requirements of the Federal Rules of Civil Procedure.[1] Because Plaintiff qualifies to proceed *in forma pauperis*, my analysis focuses on the frivolity review. As discussed below, there are several procedural and substantive issues with Plaintiff's third amended complaint, most of which the Court has addressed before.

---

[1] Plaintiff has also moved for leave to file a fourth amended complaint. Dkt. 29. I prepared a separate report and recommendation addressing that motion.

### A.   Shotgun Pleading

As the Court has explained to Plaintiff before, the Eleventh Circuit has repeatedly condemned shotgun pleadings. *See* Dkt. 5 at 5–6. Like his first complaint, Plaintiff's third amended complaint is a classic example of a shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 n.11 (11th Cir. 2015) (collecting cases involving "typical" and "quintessential" shotgun pleadings). Each count "realleges and incorporates all other paragraphs." Dkt. 25 ¶¶ 50, 55, 59, 61, 65. Complaints that do this violate the requirements of Federal Rules of Civil Procedure 8(a)(2) and 10(b). *See T.D.S. Inc. v. Shelby Mut. Ins. Co.*, 760 F.2d 1520, 1544 n.14 (11th Cir. 1985) (Tjoflat, J., dissenting). For this reason alone, the Court should dismiss the third amended complaint.

### B.   Unknown Doe Defendants

In the case caption, Plaintiff has added 99 Doe Defendants. Dkt. 25 at 1. Despite this, there are no allegations in the third amended complaint directed at these defendants or explaining who they are. *See id.* ¶¶ 7–8. As a general rule, "fictitious party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). The one exception to this rule is when a plaintiff's description of a defendant is so specific that the party may be identified for service even though his actual name is unknown. *See id.* (citing *Dean v. Barber*, 951 F.2d 1201, 1215-16 (11th Cir. 1992)); *see*

*also Vielma v. Gruler*, 808 F. App'x 872, 880-81 (11th Cir. 2020) (per curiam) (observing that "our precedent has never permitted John Doe pleading solely on the ground that discovery might reveal an unnamed defendant's identity" and instead requires "an unambiguous description of a defendant that enables service of process"). Plaintiff's claims against the Doe Defendants should therefore be dismissed.

### C.    Failure To State A Federal Claim

The third amended complaint asserts Plaintiff's claims in five counts, only one of which raises a federal claim. I will analyze this claim first then discuss whether the Court should exercise its discretion over Plaintiff's remaining state law claims.

In Count Five, Plaintiff asserts a First Amendment retaliation claim against Defendant Fine pursuant to 42 U.S.C. § 1983. As the Court has explained already, the First Amendment protects a public official's statements in response to his detractors just as much as it protects the detractor's statements. Dkt. 23 at 14 (citing *Suarez Corp. Industries v. McGraw*, 202 F.3d 676, 688 (4th Cir. 2000)). A public official's statements that do not constitute an imminent threat do not adversely affect a detractor's First Amendment rights and cannot form the basis of a First Amendment retaliation claim. *Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019) (collecting cases).

Though the third amended complaint is a shotgun pleading and therefore difficult to parse precisely, it appears that Plaintiff contends Defendant Fine retaliated against him by supporting a bill that amended Florida's statute prohibiting litter. Dkt. 25 ¶¶ 66–66. Then, once the bill was enacted into law, Plaintiff alleged that he violated it and was arrested. *Id.* ¶¶ 69–70. Plaintiff also contends, in a conclusory manner, that Defendant Fine is conspiring with others to selectively punish Plaintiff and his friends for distributing flyers but not other individuals who distribute flyers containing political and religious beliefs that are not "critical of Jewish influence." *Id.* ¶ 70.

These allegations do not state a claim against Defendant Fine. Setting aside the thorny issue of whether the alleged conduct can be deemed state action,[2] I find once more that Plaintiff has not alleged facts that show Defendant Fine's actions are retaliatory. According to the non-conclusory

---

[2] To succeed on his Section 1983 claims, Plaintiff must establish that Defendant Fine acted under color of state law. 42 U.S.C. § 1983. Plaintiff must also show that Defendant's actions constitute state action. *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001) (stating that only state action is subject to Fourteenth Amendment scrutiny while private action is not). Because of the third amended complaint's shortcomings, the Court cannot determine whether Defendant Fine's statements did indeed constitute state action or even address the threshold issue of that inquiry—determining which statements form the basis of Plaintiff's claim against Defendant Fine in his official capacity and those that form the basis of Plaintiff's claim against him in his individual capacity.

allegations in the third amended complaint, Plaintiff rests his Section 1983 claim on Defendant Fine's advocacy in support of a bill amending Florida's litter law. Dkt. 25 ¶¶ 66–67. Such non-defamatory statements by a state legislature in support of legislation constitute protected speech, especially where Plaintiff does not allege such statements with particularity, the context of each statement, or even allege facts suggesting that the statements amount to "a threat, coercion, or intimidation intimating that punishment, sanctions, or adverse action will imminently follow." *Echols*, 913 F.3d at 1320 (citing *Suarez Corp. Industries v. McGraw*, 202 F.3d 676, 687 (4th Cir. 2000) (collecting cases)). In short, Plaintiff has once again failed to allege facts that would support a First Amendment retaliation claim against Defendant Fine. As such, this Count should be dismissed.

### D.   Subject-Matter Jurisdiction

"Federal courts are duty bound to consider their subject matter jurisdiction *sua sponte*." *Burr & Forman v. Blair*, 470 F.3d 1019, 1035 n.38 (11th Cir.2006). A court must therefore evaluate whether it has subject-matter jurisdiction, and if it determines jurisdiction is lacking, *sua sponte* dismiss a case. *See Jackson v. Farmers Ins. Grp./Fire Ins. Exch.*, 391 F. App'x 854, 856 (11th Cir. Aug. 12, 2010); *see also* Fed. R. Civ. P. 12(h)(3).

Furthermore, a complaint is deemed "frivolous" under section 1915 where there is no subject matter jurisdiction. *Davis v. Ryan Oaks Apartment*,

357 F. App'x 237, 238-39 (11th Cir. Dec. 17, 2009); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." (citation omitted)); *Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing the general proposition that a complaint should be dismissed as frivolous under section 1915 where subject matter jurisdiction is lacking).

And while courts must liberally construe pro se pleadings, *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (citation omitted), the leniency afforded to pro se litigants does not give courts license to serve as de facto counsel or permit them to rewrite an otherwise deficient pleading in order to sustain an action. *Hudson v. Middle Flint Behavioral Healthcare*, 522 F. App'x 594, 596 (11th Cir. June 20, 2013) (citing *GJR Inv., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)). Moreover, "[l]iberal construction has its limits . . . and this court may not rewrite an otherwise deficient [pleading] in order to create jurisdiction." *In re Davis*, 237 B.R. 177, 181 (M.D. Ala. 1999) (citations omitted).

As set forth in the third amended complaint, Plaintiff contends his claims may proceed in federal court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 because he asserts a First Amendment retaliation claim under 42 U.S.C. § 1983. Dkt. 25 ¶¶ 9–10. But as discussed above, Plaintiff has failed—once again—to state a federal First Amendment retaliation claim upon which

relief may be granted. He therefore does not allege a cognizable federal claim on which this Court may rest its subject-matter jurisdiction.

Consequently, I also respectfully recommend that the Court decline to exercise supplemental jurisdiction over any state law claims Plaintiff is attempting to assert. *See* 28 U.S.C. § 1367(c)(3) (stating that the district courts "may decline to exercise supplemental jurisdiction over" state law claims if "the district court has dismissed all claims over which it has original jurisdiction"). The Court should dismiss those claims.

## E.    Amendment

Lastly, a *pro se* plaintiff must be given at least one chance to amend his complaint before the court dismisses it. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 n.1 (11th Cir. 2002) (en banc). Plaintiff has had *three* opportunities to plead a federal claim and has not done so. The time has come to dismiss this action. I respectfully recommend that the Court do so.

## IV.   RECOMMENDATIONS

Accordingly, I respectfully recommend the Court:

1.    **DENY** Plaintiff's Motion to proceed *in forma pauperis* (Dkt. 26), filed January 16, 2024;

2.    **DISMISS** the claims in the third amended complaint (Dkt. 25); and

3.    **DIRECT** the Clerk to terminate all pending deadlines and close this matter.

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on February 16, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Paul G. Byron

Colby Alexander Frank
P.O. Box 13264
Fort Pierce, Florida 34979