# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| COLBY ALEXANDER FRANK,<br><br>    Plaintiff,<br><br>v.<br><br>RANDALL ADAM FINE; and DOES 1-99,<br><br>    Defendants. | Case No. 6:23-cv-2043-PGB-RMN |

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on Plaintiff's Rule 15(d) Motion for Leave to Supplement Plaintiff's Third Amended Complaint (Dkt. 29), filed February 2, 2024. The motion has been referred to me for a report and recommendation. For the reasons below, I respectfully recommend the Court deny the motion.

### I. BACKGROUND

Plaintiff, proceeding *pro se*, filed this action in October 2023, by filing a complaint that asserted various causes of action against Defendant Fine and two others. Dkt. 1. I recommended that the complaint be dismissed because it was a shotgun pleading. Dkt. 5 at 4–5. I recommended further that, if the Court permitted Plaintiff to replead, he should be required to file an amended complaint that clearly identifies each claim of relief, the factual allegations

relevant to each claim, and the identify of each defendant against whom relief is sought. *Id.* at 6.

The Court adopted my report and recommendation and directed Plaintiff to file an amended complaint. Dkt. 7. Plaintiff filed an amended complaint in December 2024. Dkt. 19. That pleading asserted three or four causes of action against Defendant Fine. *Id.* at 11–13.

Because Plaintiff intends to proceed in this matter *in forma pauperis*, I determined whether Plaintiff's claims were frivolous or malicious, failed to state a claim upon which relief may be granted, or sought monetary relief against a defendant who is immune from such relief. Dkt. 23 at 3 (citing 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)). In a report and recommendation dated January 5, 2024, I recommended that the Court dismiss Plaintiff's amended complaint because each of Plaintiff's claims failed to state a claim upon which relief may be granted. *Id.* at 4–15. Before the Court could issue a decision on the report and recommendation, Plaintiff filed a pleading styled as his "Third Amended Complaint" and a motion to proceed *in forma pauperis*. Dkts. 25, 26. Thereafter, the Court adopted the Report and Recommendation, dismissed Plaintiff's amended complaint for failure to state a claim, and deemed Plaintiff's third amendment complaint to be the operative pleading. Dkt. 28.

Plaintiff now moves for leave to file a supplemental complaint. Dkt. 29.

- 2 -

## II. LEGAL STANDARDS AND ANALYSIS

### A. The Motion Should Be Denied Because It Does Not Comply With The Local Rules.

First, all motions must comply with the requirements of the Federal Rules of Civil Procedure and this Court's Local Rules. The Local Rules impose requirements on the form of pleadings and other filings, as well as the contents of motions. *See* Local Rule 1.08, 3.01. Local Rule 1.08 requires each filing to conform to certain typography requirements. Local Rule 3.01 imposes certain requirements on motions filed by litigants. Specifically, Local Rule 3.01(a) requires each motion to include, in a single document no longer than 25 pages, at least three parts: (1) a concise statement of the precise relief requested, (2) a statement of the basis for the request, and (3) a legal memorandum supporting the request.

The motion does not comply with either Rule. Most significantly, the motion lacks a legal memorandum in support of Plaintiff's request for leave to file a supplemental complaint. *See* Dkt. 29. Indeed, the requested relief is supported by just four sentences, which state that certain circumstances had occurred subsequent to filing the complaint and that Plaintiff has become aware of additional facts that support his claims. *Id*. at 1.

All parties, including pro se litigants, must abide by all applicable rules, including the Local Rules of this Court and the Federal Rules of Civil

Procedure.[1] *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Because the motion does not contain a detailed legal memorandum supporting the requested relief, the motion is due to be denied.

## B.     The Motion Should Be Denied On Its Merits.

### i.     Legal Standards

Plaintiff's request to file a supplemental complaint is governed by Federal Rule of Civil Procedure 15(d). The rule provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented. The court may permit supplementation even though the original pleading is defective in stating a claim or defense. The court may order that the opposing party plead to the supplemental pleading within a specified time.

Fed. R. Civ. P. 15(d). In considering whether to permit supplementation under Rule 15(d), the Court is guided by certain principles:

> [W]hile the court's discretion [to allow supplementation] is broad, and while that discretion should be exercised liberally, it is not unlimited. First, there is the express limitation that any supplementation must be based on a "transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). And there is the obvious and reasonable requirement that the

---

[1] Because Plaintiff is currently proceeding without a lawyer, the Court directs his attention to the Court's website, http://www.flmd.uscourts.gov. On the Court's homepage, Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case by clicking on the "For Litigants" tab and then clicking on "Litigants without Lawyers."

>supplementation have "some relation" to what is sought to be supplemented.

*W. Ala. Women's Ctr. v. Miller*, 318 F.R.D. 143, 148 (M.D. Ala. 2016). "[L]eave to supplement may be withheld when the request would 'unduly delay resolution of the case'" *United States ex rel. Gadbois v. PharMerica Corp.*, 809 F.3d 1, 7 (1st Cir. 2015). Additionally, "[i]diosyncratic factors—say, the futility of supplementation, prejudice to the opposing party, and unreasonable delay in attempting to supplement—may suffice to ground a denial of a Rule 15(d) motion." *Id.* (citations omitted). Finally, all pleadings must comply with the requirements of the Federal Rules of Civil Procedure.

### ii.   First Request

Plaintiff first requests leave to amend the operative complaint to add allegations concerning events that allegedly occurred in January 2024. Dkt. 29 at 1, 1–4. Although difficult to discern, it appears Plaintiff intends to add allegations to the complaint in support of his third claim, which I construed previously as a First Amendment retaliation claim brought against Defendant Fine under 42 U.S.C. § 1983. *See* Dkt. 23 at 11–14. Plaintiff seeks to add allegations about a flyer distributed by a non-party, the Anti-Defamation League ("ADL"). Dkt. 29 at A1–2. According to Plaintiff, the flyer—which was distributed by ADL to various law enforcement agencies—contained allegedly false statements, including a statement that Plaintiff is planning an extremist

event at the Daytona 500. *Id*. Plaintiff also contends, in a conclusory allegation, that Defendant Fine is conspiring with the ADL. *Id*. at 2–3.

The additional factual allegations about a non-party's subsequent statements do not add additional support for Plaintiff's attempted claim against Defendant Fine. And indeed, Plaintiff invites the Court to rely on allegations about Defendant Fine's conduct that are already included in the Third Amended Complaint. Dkt. 29 at A3 (citing paragraphs in the Third Amended Complaint).

Plaintiff's allegations regarding the ADL flyer in no way change the core fault of his First Amendment retaliation claim. As I explained previously, Plaintiff must allege (among other things) facts giving rise to a plausible inference that Defendant was subjectively motivated to engage in the adverse action because of Plaintiff's protected speech. Dkt. 23 at 13 (citing *Smith v. Mosley*, 532 F.3d 1270, 1278 (11th Cir. 2008)). Most courts of appeal require a plaintiff to show that a public official's allegedly retaliatory speech amounted to "a threat, coercion, or intimidation intimating that punishment, sanctions, or adverse action will imminently follow." *Id*. (quoting *Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019)). In other words, the First Amendment protects a public official's statements in response to his detractors. *See* Dkt. 23 at 13–14. To overcome this hurdle,, Plaintiff must allege facts that

demonstrate the official is making statements that constitute imminent threats. *See id.*

In the motion, Defendant Fine is not alleged to have made any of the statements contained in the flyer. Thus, the proposed additional factual allegations about a flyer distributed after the filing of the complaint by a nonparty do not help Plaintiff satisfy the pleading standard for his First Amendment retaliation claim against Defendant Fine. Moreover, it appears Plaintiff continues to rest his claims on statements made by Defendant Fine that do not amount to imminent threats. For both of these reasons, leave to file a supplemental pleading based on Plaintiff's first request need not be granted because it would be futile.

### iii.   Second Request

Plaintiff also requests leave to add allegations about "additional facts" that he recently became aware of. Dkt. 29 at 1. According to Plaintiff, after the filing of the Third Amended Complaint, he learned of an additional social media post made by Defendant Fine that accuses Plaintiff of committing a crime, which I construe to be attempted burglary of a dwelling, structure, or conveyance in violation of Florida Statute § 810.02. *Id.* at B1–3. Plaintiff contends this post constitutes defamation *per se*. *Id.* at B1.

In Florida,[2] defamation has five elements: "(1) publication; (2) falsity; (3) actor must act with knowledge or reckless disregard as to the falsity on a matter concerning a public official, or at least negligently on a matter concerning a private person; (4) actual damages; and (5) statement must be defamatory." *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008). With regard to the requirement of a defamatory statement, it must "be reasonably capable of a defamatory interpretation; this determination is to be made by the trial judge in the first instance, prior to the jury's evaluation of whether the statement was in fact understood as defamatory." *Keller v. Miami Herald Pub. Co.*, 778 F.2d 711, 714-15 (11th Cir. 1985). "Per se defamatory statements are 'so obviously defamatory' and damaging to [one's] reputation' that they 'give[ ] rise to an absolute presumption both of malice and damage.'" *Bernath v. Seavey*, No. 2:15-cv-358, 2017 WL 3268481, at *7 (M.D. Fla. May 18, 2017) (quoting *Wolfson v. Kirk*, 273 So. 2d 774, 776 (Fla. 4th DCA 1973)). A published statement is libel per se if it accuses someone of committing committed a felony. *Id.*

Nevertheless, "a defamation claim may not be actionable when the alleged defamatory statement is based on non-literal assertions of 'fact.'"

---

[2] As a federal court sitting in diversity jurisdiction, the Court applies the substantive law of the forum state, Florida, together with federal procedural law. *Horowitch v. Diamond Aircraft Indus., Inc.*, 645 F.3d 1254, 1257 (11th Cir. 2011).

*Horsley v. Rivera*, 292 F.3d 695, 701 (11th Cir. 2002) (citations omitted). The First Amendment "provides protection for 'rhetorical hyperbole' that 'cannot reasonably be interpreted as stating actual facts about an individual.'" *Id.* (quoting *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990)). "It is for the Court to decide, as a matter of law, whether the complained of words are actionable expressions of fact or nonactionable expressions of rhetorical hyperbole." *Murray v. Pronto Installations, Inc.*, No. 8:20-cr-824, 2020 WL 6728812, at *4 (M.D. Fla. Nov. 16, 2020) (citation omitted).

> A statement is considered rhetorical hyperbole when the language itself negates the impression that the writer was seriously maintaining that the plaintiff committed the particular act forming the basis of the defamation. Although rhetorically hyperbolic statements may at first blush appear to be factual, they cannot reasonably be interpreted as stating actual facts about their target. In determining whether an allegedly defamatory statement is an expression of fact or an expression of rhetorical hyperbole, context is paramount.

Id. at *5 (marks and citations omitted). "All of the circumstances surrounding the publication must be considered, including the medium by which it was disseminated and the audience to which it was published." *Keller*, 778 F.2d at 714 (citation omitted).

Here, like in *Murray*, the allegedly defamatory statement was made in a social media post. *See Murray*, 2020 WL 6728812, at *5. Unlike newspapers and magazines, social media encourages a freewheeling, anything-goes writing style. *Id.* (quoting Cheverud, *Comment, Cohen v. Google, Inc.*, 55 N.Y. L. Sch.

L. Rev. 333, 335 (2010/11)). The informal nature of social media, its low barrier of entry, and lack of editorial constraints all inform the broader context of the published speech. *Id.* Because of this, courts have recognized that reasonable readers of most social media posts do not understand such posts as conveying factual information. *See id.* (citing and quoting Ellyn M. Angelotti, *Twibel Law: What Defamation and its Remedies Look Like in the Age of Twitter*, 13 J. High Tech. L. 433, 472-73 (2013)).

Though Defendant Fine does appear to accuse Plaintiff of attempting to burgle his office, it is clear from other parts of the statement and the context it was published that his statement "break into my office" is protected rhetoric or hyperbole. The statement appears to have been posted in the heat of the moment, stating that Plaintiff and two colleagues "are fleeing the scene with their tails between their legs." Dkt. 29 at B1. The phrase "with their tails between their legs" is a classic rhetoric idiom "emphasizing that [the person] feel[s] defeated and ashamed." Collins Online English Dictionary, https://www.collinsdictionary.com/us/dictionary/english/with-your-tail-between-your-legs. (last visited Feb. 12, 2024). And its publication in social media signal to readers that the post should be understood in a loose, figurative sense. In short, I find that the post identified by Plaintiff is a rhetorical or hyperbolic statement that is not actionable.

### III. RECOMMENDATIONS

Accordingly, I respectfully recommend the Court **DENY** Plaintiff's Rule 15(d) Motion for Leave to Supplement Plaintiff's Third Amended Complaint (Dkt. 29).

### NOTICE TO PARTIES

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. See Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Orlando, Florida, on February 16, 2024.

_____
ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Paul G. Byron

Colby Alexander Frank
P.O. Box 13264
Fort Pierce, Florida 34979