# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**COLBY ALEXANDER FRANK,**

    **Plaintiff,**

v.                                                           **Case No: 6:23-cv-2043-PGB-RMN**

**RANDALL ADAM FINE and**
**DOES 1-99,**

    **Defendants.**
_____/

## ORDER

This cause comes before the Court on Plaintiff's Rule 65 Motion for Preliminary Injunctive Relief (Doc. 30 (the "**Motion**")), filed on February 14, 2024. Considering Plaintiff requests "emergency injunctive relief," the Court construes the Motion as a motion for a temporary restraining order. (Doc. 30, p. 2). Upon consideration, the Motion is denied.

## I.  BACKGROUND

On October 23, 2023, Plaintiff, who is proceeding *pro se*, filed his original Complaint asserting various causes of action against Defendant Randall Adam Fine and two others. (Doc. 1). On October 24, 2023, Magistrate Judge Robert M. Norway recommended that the Complaint be dismissed because it was a shotgun pleading. (Doc. 5, pp. 4–5). Magistrate Judge Norway further recommended that, if the Court permitted Plaintiff to replead, he should be required to file an amended complaint that clearly identifies each claim of relief, the factual allegations relevant

to each claim, and the identity of each defendant against whom relief is sought. (*Id.* at p. 6). On November 20, 2023, the Court adopted Magistrate Judge Norway's report and recommendation and permitted Plaintiff to file an amended complaint. (Doc. 7).

Plaintiff filed an Amended Complaint on December 8, 2023. (Doc. 19). Therein, Plaintiff asserted three or four causes of action against Defendant Fine. (*Id.* at pp. 11–13). In a Report and Recommendation dated January 5, 2024, Magistrate Judge Norway recommended that the Court dismiss Plaintiff's Amended Complaint because each of Plaintiff's claims failed to state a claim upon which relief may be granted. (*Id.* at pp. 4–15). On January 16, 2024, before the Report and Recommendation was ripe for the Court's review, Plaintiff preemptively filed a Third Amended Complaint and a motion to proceed *in forma pauperis*. (Docs. 25, 26).[1] Thereafter, on January 19, 2024, following the fourteen-day objection period, the Court adopted the Report and Recommendation, dismissed Plaintiff's Amended Complaint for failure to state a claim, and deemed Plaintiff's Third Amended Complaint to be the operative pleading. (Doc. 28).

Plaintiff's Rule 65 Motion for Preliminary Injunctive Relief is now before the Court. (Doc. 30). In this Motion, Plaintiff states that he intends to distribute religious and political leaflets outside the Superspeedway at the Daytona 500 on

---

[1] A party has fourteen (14) days to file objections to a magistrate judge's report and recommendation. FED. R. CIV. P. 72. Thereafter, the opposing party may file a response to such objections within fourteen (14) days. *Id.* Once the objection period has passed, the matter is ripe for review. *Id.*

February 18, 2024. (Doc. 30, p. 1). Plaintiff also states that he intends to "invit[e] political and other influential figures to debate, public speaking [sic], and campaigning" at this same event. (*Id.* at p. 2). Plaintiff seeks injunctive relief as to what he alleges is the "unconstitutional enforcement of the Florida litter law F.S. 403.413 and its new hate crime enhancement H.B. 269," as well as injunctive relief "against all law enforcement agencies attempting to persecute, arrest, or otherwise harass plaintiff" for engaging in this attempted behavior. (*Id.* at p. 1).

## II. STANDARD OF REVIEW

District courts may issue temporary restraining orders in limited circumstances. *See* FED. R. CIV. P. 65(b)(1); Local Rule 4.05(a). The Court may grant such relief in accordance with Rule 65 only if:

> (1) "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," Fed. R. Civ. P. 65(b)(1)(A);
>
> (2) the movant "certifies in writing an efforts made to give notice and the reasons why [notice] should not be required," Fed. R. Civ. P. 65(b)(a)(B); and
>
> (3) the movant "gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained" ("Security Requirement"), Fed. R. Civ. P. 65(c).

In addition, Local Rules 6.01(b) (Temporary Restraining Order) and 6.02 (Preliminary Injunction) require a legal memorandum that establishes:

> (1) the likelihood that the movant ultimately will prevail on the merits of the claim;
> (2) the irreparable nature of the threatened injury and the reason that notice is impractical;
> (3) the harm that might result absent a restraining order; and

>  (4) the nature and extent of any public interest affected.

Local Rule 6.01(b).

*Ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing and no longer." *Granny Goose Foods, Inc. v. Bhd. Of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

To obtain a temporary restraining order, a party must prove "(1) [there is] a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex. rel Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005) (citation omitted). A temporary restraining order "is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion' as to each of the four prerequisites." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (quoting *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998)).

## III. DISCUSSION

Simply put, Plaintiff not only fails to set forth any substantive support for the request, but he also fails to comply with various Local Rules.[2] Specifically, the

---

[2] Although *pro se* pleadings are liberally construed, courts are not required to "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

4

Motion fails to comply with Local Rules 1.01 and 3.01. For one, the Motion does not include a legal memorandum, which is defined as "a paper—including a legal brief—that cites legal authority or otherwise advances a statement of law to support a request for relief." *See* Local Rules 1.01(d)(10), 3.01. Plaintiff neither cites legal authority nor advances any statements of law to support the request for a temporary restraining order. *See* Local Rules 1.01(d)(10), 3.01(a).[3] In fact, Plaintiff does not even reference the elements necessary to prove that his requested relief is warranted. As such, the Motion (Doc. 30) is denied.

## IV.  CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Rule 65 Motion for Preliminary Injunctive Relief (Doc. 30) is **DENIED.**

**DONE AND ORDERED** in Orlando, Florida on February 26, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[3]  Although *pro se* pleadings are liberally construed, courts are not required to "act as *de facto* counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).