IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| COLBY ALEXANDER FRANK, an individual,<br><br>        Plaintiff,<br>  v.<br><br>RANDALL ADAM FINE (a/k/a RANDY FINE) in his official capacity as Member of the Florida House of Representatives for the 33rd Congressional District of the State of Florida; and in his individual capacity;<br><br>        Defendant. | Case No.: 6:23-cv-2043-JSS-RMN<br><br>**PLAINTIFF'S MOTION FOR SERVICE OF PROCESS ON DEFENDANT RANDALL ADAM FINE** |

**PLAINTIFF'S MOTION FOR SERVICE OF THE THIRD AMENDED COMPLAINT ("TAC") ON DEFENDANT RANDALL ADAM FINE**

Plaintiff Colby Alexander Frank, acting as his own counsel *pro se* and seeking to proceed in this matter *in forma pauperis*, hereby moves the Court to order service of process on Defendant Randall Adam Fine. Wherefore Plaintiff prays such service include Plaintiff's operative pleading (Doc. 25), accompanying Motion to Supplement that pleading (Doc. 29), as well as this Court's summons (appended hereto). In support whereof, Plaintiff would respectfully show the Court as follows:

1

## BACKGROUND

1. Plaintiff initiated this action in October 2023, following his arrest and imprisonment arising out of his participation in literature distribution ("flyering") activities.

2. Generally (and very briefly), the pleadings present facts establishing the following:

- That Florida State Representative Randy Fine became aware of Plaintiff's protected First Amendment activities;

- That Rep. Fine campaigned for, introduced, and passed legislation targeting Plaintiff, seeking to quell Plaintiff's protected speech while referencing his name and image;

- That Plaintiff was subsequently arrested and jailed as a direct result of Rep. Fine's legislating and conspiring;

- And that incidental to Rep. Fine's stated animus toward Plaintiff's speech (and toward Plaintiff personally), Rep. Fine also engaged in other tortious conduct directed at Plaintiff, most remarkably common law defamation and written threats of imprisonment among other alleged unlawful acts. (Doc. 25; Doc. 29; Doc. 34).

3. Plaintiff's Original Complaint and Amended Complaint each failed to meet federal pleading standards and were dismissed with leave to

amend. (Doc. 5, Doc. 28). Analyzing the Amended Complaint, Magistrate Judge Robert M. Norway noted that the pleading "broadly refer[red] to violations of constitutional rights" but "focuse[d] more narrowly on an alleged infringement of Plaintiff's 'right to publish and circulate ideas.'" Magistrate Judge Norway then deduced that Plaintiff's second attempt at filing a complaint "appear[ed] Plaintiff is attempting to assert a First Amendment retaliation claim" and proceeded to analyze that claim (Doc. 23 at 12). The Magistrate's Report also considered Plaintiff's Amended complaint as asserting common law claims for defamation and intentional infliction of emotional distress. (Doc. 23 at 4, 8). The Magistrate therefore recommended giving Plaintiff another opportunity to amend. The Court did so. (Doc. 28).

4. In the New Year of 2024 and in response to the Magistrate's guidance, Plaintiff undertook to overhaul his complaint with a more complete factual record supporting the merits. Plaintiff also undertook his best faith effort to respond to procedural and formatting concerns expressed by the Magistrate, and in particular, compliance with the Federal Rules of Civil Procedure 10(b) and 8(a)(2). That effort is embodied in what Plaintiff filed as

3

his Third Amended Complaint (Doc. 25).[1] After the filing of that now-operative pleading, subsequent facts developed throughout February of 2024 and Plaintiff moved under Rule 15(d) to supplement the TAC. (Doc. 29).

5. Despite Plaintiff's efforts, Magistrate Judge Norway then issued yet another Report and Recommendation suggesting that the Court dismiss this action *sua sponte* under 28 U.S.C. § 1915. (Doc. 31) Plaintiff vigorously objected to that recommendation. (Doc. 34). Before the Court had an opportunity to rule on Plaintiff's objections, this case was reassigned to United States District Judge Julie S. Sneed. (Dkt. 35).

## REASONS FOR GRANTING THE MOTION

6. In his Written Objections (Doc. 34), Plaintiff provides extensive analysis of the TAC's text, as well as governing caselaw, to demonstrate why the recommendation's procedural and merits justifications for dismissal are erroneous and contrary to law. As set forth in Plaintiff's objections, the recommendation's most striking deficiency is its failure to even address numerous substantive amendments to the complaint embodied in the TAC

---

[1] Plaintiff mistakenly labelled his second attempt at amending the complaint (his third inclusive complaint filed in this case) as his Third Amended Complaint (TAC). United States District Judge Paul G. Byron, previously assigned to this case, deemed what Plaintiff stylized as the TAC to be the operative pleading. (*See* Doc. 28, Order Adopting R&R and Granting Plaintiff Leave to Amend).

4

that establish a *prima facie* case of First Amendment Retaliation pursuant to 28 U.S.C. § 1983 (Doc. 34 at 12-19).

7. Plaintiff's Written Objections also discuss the fact that the Magistrate's justifications for dismissal actually changed after the filing of the TAC, yet the Magistrate seemingly scolded Plaintiff for committing the same errors twice. (Doc. 34 at 7). To that end, Plaintiff expressed frustration that his good faith attempts to cure the stated deficiencies in the complaint had instead "become a game of highly technical pleading-rules whack-a-mole," while the actual merits of Plaintiff's claims were left by the wayside. (Doc. 34). In short, the Magistrate invariably put form over substance.

8. Fairly examining the claims for relief enumerated in the TAC, "[t]he counts are informative enough to permit a court to readily determine if they state a claim upon which relief can be granted." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1326 (11th Cir. 2015). The Magistrate Judge's extensive analysis of the merits of Plaintiff's claims confirms this.

## ALTERNATIVE PRAYER

9. Plaintiff's Written Objections provide a comprehensive response to each of the typography and procedural issues raised in the Magistrate's recommendation. (Doc. 34). Sustaining Plaintiff's specific objections would allow Plaintiff to seek service of the TAC (Doc. 25) as requested above. However, as a belt-and-suspenders measure, Plaintiff attaches here a very

slightly modified TAC that is intended to remedy the magistrate's specific concerns raised for the first time in response to the TAC.

10. This proposed modified copy removes anonymous John Doe defendants and removes all "reincorporation" language within the Counts, which appeared for the first time in the TAC. The textual changes are thus strictly limited to the cover page and ¶¶ 50, 55, 59, 61, and 65. These changes are also consistent with Plaintiff's accompanying motion to voluntarily dismiss any claims against unnamed Doe Defendants (Plaintiff was made aware for the first time by the Magistrate's recommendation that Eleventh Circuit appellate precedent prohibits any such designation of Defendants). Finally, Plaintiff has also simply changed the typeface to comply with Local Rule 1.08 and updated the case number to reflect reassignment (Dkt. 35).

11. Plaintiff therefore requests that this copy of the TAC not be construed as yet another Motion to Amend, but simply as a corrected copy of the TAC to bring it into compliance with all typography and procedural rules raised for the first time in the Magistrate's latest recommendation.

## CONCLUSION

12. For the reasons set forth in Plaintiff's Written Objections (Doc. 34), this Court should rule that this action survives § 1915(e)(2)(B)(ii) review.

6

13. Because plaintiff signed a declaration accompanying his motion to proceed *in forma pauperis* documenting his impecunious status, this Court should also grant Plaintiff's renewed motion to proceed *in forma pauperis*.

14. All other contested procedural issues being remedied by the appended TAC as modified to comply with the Magistrate's perceived deficiencies, this Court should enter an order directing the clerk to serve Defendant Fine with process pursuant to Fed. R. Civ. P. 4(c)(3).

15. "Defendant's response will be due if, and only after, a proper amended complaint is filed and accepted by this Court." (Doc. 13 at 2). I respectfully pray that this Court compel Rep. Fine to respond to a Complaint that not only states plausible claims for relief, but cries out for response by a state official who has acted distastefully, dishonorably, and—taking the complaint as true—unlawfully. Rep. Fine ought to be afforded every opportunity under law to answer for and defend his alleged tortious and unconstitutional behavior. But it is not the role of this Court to shoulder that burden.

Respectfully submitted,

March 27, 2024

/s/ Colby Alexander Frank
*Pro Se*
PO Box 13264
Fort Pierce, FL