# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| COLBY ALEXANDER FRANK, an individual, <br><br> Plaintiff, <br><br> v. <br><br> RANDALL ADAM FINE (a/k/a RANDY FINE) in his official capacity as Member of the Florida House of Representatives for the 33rd Congressional District of the State of Florida; and in his individual capacity; <br><br> Defendant. | Case No.: 6:23-cv-2043-JSS-RMN <br><br> **PLAINTIFF'S MOTION FOR RULING ON WRITTEN OBJECTIONS (DKT. # 34, 41)** |

## PLAINTIFF'S MOTION FOR RULING ON WRITTEN OBJECTIONS (DKT. # 34, 41)

Plaintiff Colby Alexander Frank respectfully moves this Court to rule on Plaintiff's Written Objections to the Magistrate's Reports and Recommendations (Doc. 34, 41) for the following reasons:

1. Plaintiff timely filed his Written Objections on February 29, 2024. Approximately 34 days have passed since that date.

2. It is Plaintiff's understanding that the only reason 28 U.S.C. § 1915(e)(2)(B)(ii) review is even implicated in this dispute (effectively a 12(b)(6) standard for failure to state a claim) is because Plaintiff is unable to pay court costs and is seeking to proceed *in forma pauperis*.

1

3. Plaintiff alleged in the operative pleading and elsewhere that his inability to obtain legal counsel in this matter is due in part to Defendant Fine's unlawful conduct. *See, e.g.,* TAC ¶ 19 (citing "fear for the public and media backlash against Plaintiff and his counsel" as a reason why "Plaintiff is therefore compelled to proceed with this action as a *pro se* litigant to vindicate his Constitutional rights … due in no small part to Defendant Fine's efforts to defame and intimidate Plaintiff.").

4. In short, the Defendant is being allowed to benefit from his own alleged tortious conduct. Because Defendant Fine has defamed Plaintiff and caused a media and public backlash against Plaintiff, Defendant is now able to rely on the *Court's sua sponte* analysis of Plaintiff's complaint under a 12(b)(6) standard, rather than presenting his own legal defense under that Rule. As a matter of law, equity, and fundamental fairness, Defendant's unlawful conduct should not be allowed to prejudice Plaintiff in this way.[1]

---

[1] For instance, private counsel may otherwise be willing to take Plaintiff's case on a contingent fee basis, which would include covering basic court costs such as filing fees. But due in part to Defendant Fine's vexatious campaign of character vilification levied against Plaintiff, including threats of imprisonment, Plaintiff has been compelled to proceed in this action *pro se* and cannot bear the burden of such costs alone. He moreover cannot do so because Defendant Fine's defamatory conduct has contributed to Plaintiff's inability to seek employment. **And there is no way around it—Defendant's conduct in this case amounts to textbook defamation *per se.*** *See* Objections n. 3. Plaintiff's allegation of *per se* defamation went wholly unaddressed by the Magistrate Judge. The Magistrate analyzed other aspects of Plaintiff's defamation claim but ignored the most meritorious aspect. All of this is set out in Plaintiff's Objections, and the TAC. *See also* Doc. 37 (Motion for Service of Process on Defendant Randall Adam Fine with Jury Demand).

5. If this were not enough, under the Federal Rules of Civil Procedure, an adverse party would ordinarily have only 14 days to respond to any objections that are timely made. Fed. R. Civ. P. 72(b)(2).

6. Here, the Magistrate Judge has recommended denying Plaintiff access to the adversarial process under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to meet federal pleading standards. Many of those justifications were related to the form of pleadings. But if Plaintiff had not been defamed by Defendant Fine and were able to obtain resources and legal assistance, these would not be issues in the first place. Even still, Plaintiff's objections set out straightforward precedent, binding on this court, as to why the Magistrate's recommendations are clearly erroneous and contrary to law. (Doc. 34).

7. "The district judge *must* determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(c) (*emphasis added*).

8. "[T]he underlying purpose of the Federal Magistrates Act is to improve the effective administration of justice." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1122 (9th Cir. 2003).

9. "In disposing of matters promptly, efficiently, and fairly, a judge must demonstrate due regard for the rights of the parties to be heard and to

3

have issues resolved without unnecessary cost or delay. A judge should monitor and supervise cases to reduce or eliminate dilatory practices, avoidable delays, and unnecessary costs." *Code of Conduct for United States Judges*, Canon 3A(5).

10. Every day that passes, Defendant Fine benefits from his own tortious conduct. Rather than putting on his own defense against a *pro se* litigant, Defendant Fine is shielded by Plaintiff's inability to access the adversarial process—a situation of Defendant's own making. Meanwhile, Defendant Fine is actually benefiting for months on end from the Magistrate's *sua sponte* analysis of Plaintiff's claims. The record further shows that Defendant Fine is aware of Plaintiff's lawsuit via an attempted instance of service of process for a previous version of the complaint.

11. What's more, Defendant Fine is a State Representative with vast political and financial resources. His net worth is estimated to be in the tens of millions of dollars. On the other hand, Plaintiff cannot find employment for his advanced degree in aerospace engineering due in part to the Defendant's conduct alleged *in this very case*. This is backwards. All Plaintiff is asking is for access to the adversarial process – and for a fair and just adjudication of his claims. A Defendant should not be allowed to defame a plaintiff into impecuniousness and as such deny him access to justice. Even despite all of this, Plaintiff has given the Court abundant reasons this case survives 28

4

U.S.C. § 1915(e)(2)(B)(ii) for reasons articulated in Plaintiff's Objections (Doc. 34) and rearticulated in his Motion to Serve Defendant Fine (Doc. 37).

## CONCLUSION

For the foregoing reasons, the Court should:

1. **REJECT** in whole the Magistrate Judge's Reports and Recommendations (Doc. 31) (Doc. 32);

2. **SUSTAIN** Plaintiff's objections to the Magistrate's Reports and Recommendations (Doc. 34) (Doc. 41);

3. **SET ASIDE** the Magistrate Judge's Endorsed Order (Dkt. 41) denying Plaintiff's Motion for Service of Process on Defendant Randall Adam Fine (Doc. 37);

4. **GRANT** Plaintiff's Motion for Service of Process on Defendant Randall Adam Fine (Doc. 37); and therefore

5. **ORDER** that Defendant Randall Adam Fine be served with a copy of the operative complaint (Doc. 39) and the Court's summons (Doc. 38).

Respectfully submitted this April 3,
in the Year of our Lord 2024,

/s/ Colby Alexander Frank
*Pro Se*
PO Box 13264
Fort Pierce, FL