UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COLBY ALEXANDER FRANK,

    Plaintiff,

v.                                                       Case No: 6:23-cv-2043-JSS-RMN

RANDALL ADAM FINE,

    Defendant.
_____/

## ORDER

On January 16, 2024, Plaintiff, proceeding pro se, filed a Second Amended Complaint (Dkt. 25)[1] and a renewed Motion to Proceed In Forma Pauperis (Dkt. 26). Plaintiff thereafter filed a motion for leave to amend the Second Amended Complaint with additional facts in support of his claims. (Dkt. 29.) On February 16, 2024, Magistrate Judge Robert Norway entered two reports and recommendations regarding the pending motions. (Dkts. 31, 32.) Plaintiff filed timely objections to both reports. (Dkt. 34.) Upon consideration, Plaintiff's objections are overruled in part and Plaintiff's Second Amended Complaint is dismissed without prejudice.

## BACKGROUND

Plaintiff filed his initial complaint in this matter on October 21, 2023 and moved to proceed in forma pauperis. (Dkts. 1, 2.) On November 20, 2023, the court adopted

---

[1] Plaintiff incorrectly labels this pleading his "Third Amended Complaint."

the Magistrate Judge's report and recommendation and dismissed Plaintiff's initial complaint as an impermissible shotgun pleading. (Dkts. 5, 7.) Plaintiff then filed a first amended complaint on December 8, 2023, but did not renew his request to proceed in forma pauperis. (Dkt. 19.) On sua sponte review, the Magistrate Judge issued a report and recommendation recommending dismissal of the first amended complaint for failure to state a claim upon which relief may be granted, including that Plaintiff failed to state a claim for First Amendment retaliation under 42 U.S.C. § 1983. (Dkt. 23.) Plaintiff thereafter filed the Second Amended Complaint and moved to proceed in forma pauperis. (Dkts. 25, 26.) The court adopted the Magistrate Judge's report and recommendation, dismissed the amended complaint without prejudice, and accepted the Second Amended Complaint as the operative complaint in this matter. (Dkt. 28.) After filing the Second Amended Complaint, Plaintiff moved for leave to amend to include additional facts such as an Anti-Defamation League Center on Extremism alert regarding Plaintiff and an additional social media post from Fine. (Dkt. 29.)

In the Second Amended Complaint, Plaintiff alleges that since approximately 2020, he has engaged in a "widely publicized campaign of literature distribution" in association with a group of which he is a member. (Dkt. 25 ¶ 13.) Plaintiff describes the literature that he distributes as "a fair and honest critique of Jewish participation and influence in American public life." (*Id.* ¶ 15.) Defendant Fine is a Member of the Florida House of Representatives, who, according to Plaintiff, "caused substantial and

irreversible harm to Plaintiff and his reputation" and is engaged in a "conspiracy to substantially deprive Plaintiff of his Constitutional rights." (*Id.* ¶ 72.) Specifically, Plaintiff alleges that Fine has publicly described Plaintiff as a Nazi and his activities as hate speech. (*Id.* ¶¶ 50–64.) Plaintiff also alleges that Fine was "a driving force behind the persecution of political and religious literature being classified as litter" through Fine's work in passing Florida House Bill 269, under which Plaintiff was arrested in May 2023. (*Id.* ¶ 66.) Plaintiff asserts five counts against Defendant Fine, including state law claims for defamation, intentional infliction of emotional distress, false imprisonment, and invasion of privacy, and one count pursuant to 42 U.S.C. § 1983 for First Amendment retaliation. (*Id.* ¶¶ 50–70.)

On February 16, 2024, the Magistrate Judge issued a report and recommendation recommending that Plaintiff's claims be dismissed without leave to amend. (Dkt. 31.) The Magistrate Judge found that Plaintiff's Second Amended Complaint constituted an impermissible shotgun pleading, asserted no factual allegations against the 99 Doe Defendants, and failed to state a claim for First Amendment retaliation such that the court lacks subject matter jurisdiction over this matter. (*Id.*) The Magistrate Judge noted that Plaintiff has had three opportunities to adequately plead a federal claim but has failed to do so, and therefore recommended that the action be dismissed with prejudice. (*Id.* at 10–11.) The Magistrate Judge also issued a separate report and recommendation recommending that Plaintiff's motion

for leave to amend (Dkt. 29) be denied.  (Dkt. 32.)  Plaintiff filed timely objections to both reports and recommendations.  (Dkt. 34.)

## APPLICABLE STANDARDS

After conducting a careful and complete review of the findings and recommendations, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72.  A party must serve and file written objections to such proposed findings and recommendations within 14 days of being served with a copy of the report and recommendation and the failure to timely object "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]"  28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1.  With respect to non-dispositive matters, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); *see Jordan v. Comm'r, Miss. Dep't of Corr.*, 947 F.3d 1322, 1327 (11th Cir. 2020).  For dispositive matters, the district judge must conduct a de novo review of any portion of the report and recommendation to which a timely objection is made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *United States v. Farias-Gonzalez*, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009) ("A district court makes a de novo determination of those portions of a magistrate's report to which objections are filed.").  Even in the absence of a specific objection, the district judge reviews any legal conclusions de novo.  *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir.

1994); *Ashworth v. Glades Cnty. Bd. of Cnty. Comm'rs*, 379 F. Supp. 3d 1244, 1246 (M.D. Fla. 2019).

## ANALYSIS

Plaintiff filed 23 pages of objections to the Magistrate Judge's reports and recommendations. (Dkt. 34.)[2] Upon consideration, Plaintiff's objections are overruled in part.

### A. Failure to State a First Amendment Retaliation Claim and Lack of Subject Matter Jurisdiction

The Magistrate Judge found that Plaintiff failed to state a claim in Count Five for First Amendment retaliation under § 1983. (Dkt. 31 at 6–8.) Specifically, the Magistrate Judge found that to the extent Plaintiff alleges that Defendant Fine retaliated against him by supporting the bill under which Plaintiff was arrested, "[s]uch non-defamatory statements by a state legislator in support of legislation constitute protected speech, especially where Plaintiff does not allege such statements with particularity, the context of each statement, or even allege facts suggesting that the statements amount to 'a threat, coercion, or intimidation intimating that punishment, sanctions, or adverse action will imminently follow.'" (*Id.* at 10 (quoting *Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019)). Because Plaintiff failed to state a cognizable claim in his only count under federal law, the Magistrate Judge further recommended that the court decline to exercise supplemental jurisdiction over

---

[2] Plaintiff's objection violates this court's local rules, which limit an objection to a report and recommendation to ten pages. M.D. Fla. Loc. R. 3.01(a). Nevertheless, in light of Plaintiff's pro se status, the court will consider his objections here.

Plaintiff's remaining state law claims and dismiss the Second Amended Complaint for lack of subject matter jurisdiction.  (*Id.* at 8–10.)  Plaintiff objects and argues that he sufficiently pled each element of a First Amendment retaliation claim.  (Dkt. 34 at 12–19.)  Plaintiff further objects to the Magistrate Judge's recommendation that the court dismiss Plaintiff's remaining state law claims for lack of subject matter jurisdiction.  (*Id.* at 19.)  Plaintiff's objections are overruled.

Plaintiff is correct that to state a claim for First Amendment retaliation, he "must demonstrate that (1) he engaged in protected speech; (2) the defendant's conduct adversely affected the protected speech; and (3) a causal connection exists between the speech and the defendant's retaliatory actions."  *Bailey v. Wheeler*, 843 F.3d 473, 480–81 (11th Cir. 2016) (citing *Smith v. Mosley*, 532 F.3d 1270, 1276 (11th Cir. 2008)); *see also Echols*, 913 F.3d at 1320.  However, "[t]he core of a First Amendment retaliation claim, its factual heart, is the subjective motivation to retaliate."  *In re Hubbard*, 803 F.3d 1298, 1310 (11th Cir. 2015).  In the context of First Amendment retaliation through the passage of legislation, any inquiry into a legislator's alleged retaliatory motive is necessarily circumscribed by the legislative privilege, which "protects against inquiry into acts that occur in the regular course of the legislative process and *into the motivation for those acts.*"  *Id.* (emphasis in original) (citing *United States v. Brewster,* 408 U.S. 501, 525 (1972)); *see also Tenney v. Brandhove*, 341 U.S. 367, 377 (1951) (declaring "that it [i]s not consonant with our scheme of government for a court to inquire into the motives of legislators").  As such, the Eleventh Circuit has held "many times" that

"when a statute is facially constitutional, a plaintiff cannot bring a free-speech challenge by claiming that the lawmakers who passed it acted with a constitutionally impermissible purpose." *Hubbard*, 803 F.3d at 1312 (collecting cases and citing *Artistic Ent., Inc. v. City of Warner Robins,* 223 F.3d 1306, 1309 (11th Cir. 2000) (stating that, in a free-speech challenge to a city ordinance, courts "will 'not strike down an otherwise constitutional statute on the basis of an alleged legislative illicit motive.'"); *see also NetChoice, LLC v. Att'y Gen., Fla.*, 34 F.4th 1196, 1225 (11th Cir. 2022) (Plaintiff "hasn't cited—and we're not aware of—any Supreme Court or Eleventh Circuit decision that relied on legislative history or statements by proponents to characterize as viewpoint-based a law challenged on free-speech grounds."). In so holding, the Eleventh Circuit relies on the Supreme Court's decision in *United States v. O'Brien*, in which the Court held that, "as a 'principle of constitutional law,' courts cannot 'strike down an otherwise constitutional statute on the basis of an alleged illicit legislative motive.'" *Hubbard*, 803 F.3d at 1312 (citing 391 U.S. 367, 383 (1968)); *see also O'Brien*, 391 U.S. at 383–84 (courts may not "void a statute that is, under well-settled criteria, constitutional on its face, on the basis of what fewer than a handful of Congressmen said about it.").

As alleged in the Second Amended Complaint, Plaintiff appears to base his § 1983 First Amendment retaliation claim on Fine's actions and statements in advocating for and passing Florida House Bill 269, an anti-litter law under which Plaintiff was prosecuted in 2023. (Dkt. 25 ¶¶ 66–71.) For instance, in Count Five,

Plaintiff alleges that Fine "was the driving force behind the drafting and signage of a new hate crime enhancement to the Florida litter law, going so far as to campaign at press conferences for it, and to co-author the bill." (*Id.* ¶ 66); *see also* (*id.* ¶ 70 ("Defendant Fine's retaliatory animus was the direct and proximate cause of Plaintiff's arrest arising from his constitutionally protected activities.").)  However, while Plaintiff alludes to the law being unconstitutional as applied to him, he has not brought a claim for a declaratory judgment that the statute is unconstitutional on its face or otherwise properly challenged the constitutionality of the statute. *See O'Boyle v. Sweetapple*, 187 F. Supp. 3d 1365, 1373 (S.D. Fla. 2016) ("The scope of the Court's inquiry into the validity of the ordinance is limited by the claim O'Boyle chose to assert.  O'Boyle does not assert a claim for a declaratory judgment that the ordinance is unconstitutional.  His claim is solely a claim for retaliation."); *Fuller v. Carollo*, No. 18-24190-CIV, 2019 WL 13293974, at *6 (S.D. Fla. Apr. 30, 2019) ("Plaintiffs have not stated a cognizable claim because they do not challenge the constitutionality of the ordinance on its face."), *report and recommendation adopted,* 2019 WL 13293972 (S.D. Fla. June 13, 2019); *see also* Fed. R. Civ. P. 5.1.  Because Plaintiff has not properly challenged the constitutionality of the statute under which he was prosecuted, he "cannot bring a free-speech challenge by claiming that the lawmakers who passed it acted with a constitutionally impermissible purpose." *Hubbard*, 803 F.3d at 1312; *O'Boyle*, 187 F. Supp. 3d at 1373 (dismissing First Amendment retaliation claim with prejudice where court's inquiry was limited to "whether the improper subjective

motivation (which at this stage the Court accepts as true) for enacting an otherwise neutral ordinance can serve as a basis for finding a First Amendment violation"). Plaintiff has therefore failed to state a claim for First Amendment retaliation in Count Five and his objection to the Magistrate Judge's recommendation that Count Five be dismissed is overruled.

Plaintiff further objects to the Magistrate Judge's recommendation that the court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and argues that the court implicitly exercised jurisdiction of Plaintiff's state law claims by analyzing their sufficiency in a previous report and recommendation. (Dkt. 34 at 19.) However, Plaintiff's objection provides no basis on which the court should exercise its discretion and assert supplemental jurisdiction over Plaintiff's remaining state law claims. *See* 28 U.S.C. § 1367. Plaintiff's objection is therefore overruled.

### B. Unknown Doe Defendants

In his objection, Plaintiff acknowledged that "he has no objection to this portion of the Magistrate[ Judge's] analysis and will agree to dismiss claims against unknown, placeholder Doe Defendants." (Dkt. 34 at 12.) Plaintiff thereafter filed a notice of voluntary dismissal as to the Doe Defendants. (Dkt. 36.) Accordingly, Plaintiff's objection to the Magistrate Judge's finding that his claims against the Doe Defendants should be dismissed is overruled as moot.

### C. Shotgun Pleading

Plaintiff objects to the Magistrate Judge's finding that the Second Amended Complaint was an impermissible shotgun pleading and that it should be dismissed with prejudice and without the opportunity to amend or supplement his pleading. (Dkt. 34 at 5–12.) Upon review, each count of the Third Amended Complaint re-alleges and incorporates all other paragraphs, "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015); *cf. Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1208 (11th Cir. 2019) ("It is true that each count of Mr. Pinson's pro se complaint adopts the allegations of all preceding counts. . . . But it does not contain endless irrelevancies. And it does what complaints must do: it 'give[s] the defendant[ ] adequate notice of the claims against [it] and the grounds upon which each claim rests.'"). Further, it is not entirely clear on what basis Plaintiff asserts each count, and in particular on what grounds he asserts his claim for First Amendment retaliation. *See* (Dkt. 31 at 7.) Plaintiff's Second Amended Complaint is therefore an improper shotgun pleading and Plaintiff's objection to the Magistrate Judge's findings on this ground are overruled.

### D. Opportunity to Amend or Supplement

Having concluded that Plaintiff failed to state a claim in Count Five, declining to exercise supplemental jurisdiction over Plaintiff's remaining state law claims, dismissing the Doe Defendants, and finding that the Second Amended Complaint

constitutes a shotgun pleading, the court finds that Plaintiff should be afforded one final opportunity to properly plead his claims in accordance with this order and the court's prior reports and recommendations and orders in this matter. If Plaintiff "fails to make meaningful changes to his complaint . . . the court may dismiss the complaint under either Rule 41(b), Fed. R. Civ. P, or the court's inherent power to manage its docket." *Barone v. Wells Fargo Bank, N.A.*, 757 F. App'x 877, 879 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 952); *see also Novero v. Duke Energy*, 753 F. App'x 759, 767 (11th Cir. 2018) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.") (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). Plaintiff's objections to the Magistrate Judge's finding that his Second Amended Complaint be dismissed with prejudice and denying his Motion to Supplement (Dkt. 29) are therefore sustained in part, to the extent that Plaintiff may file an amended complaint in this matter.

## CONCLUSION

Accordingly, for the reasons stated above:

1. Plaintiff's Objections to the Magistrate Judge's Reports and Recommendations (Dkt. 34) are overruled in part.

2. The Reports and Recommendations (Dkts. 31, 32) are adopted in part as discussed herein.

3. Plaintiff's Motion to Proceed In Forma Pauperis (Dkt. 26) is **DENIED without prejudice**.

4. Plaintiff's Rule 15(d) Motion for Leave to Supplement Plaintiff's Third Amended Complaint (Dkt. 29) is **DENIED as moot**.

5. Plaintiff's Second Amended Complaint (Dkt. 25) is **DISMISSED without prejudice**.

6. The Clerk of Court is directed to **STRIKE** Plaintiff's preemptively filed Third Amended Complaint (Dkt. 39).

7. Plaintiff shall file a Third Amended Complaint, if any, that complies with this order, the prior orders of the court, the court's Local Rules, and the Federal Rules of Civil Procedure within 21 days.

8. Upon filing the Third Amended Complaint, Plaintiff shall either pay the required filing fee or seek leave to proceed in forma pauperis.

**ORDERED** in Orlando, Florida, on June 25, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Party