# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| COLBY ALEXANDER FRANK, an individual,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RANDALL ADAM FINE (a/k/a RANDY FINE) in his official capacity as Member of the Florida House of Representatives for the 33rd Congressional District of the State of Florida; and in his individual capacity,<br><br>　　　　Defendant. | Case No.: 6:23-cv-2043-PGB-RMN<br><br>**PLAINTIFF'S LOCAL RULE 1.07(c) NOTICE OF PENDANCY OF RELATED CASE;**<br><br>**REQUEST TO TAKE JUDICIAL NOTICE OF OTHER RELATED LITIGATION** |

Plaintiff Frank respectfully asks the Court to take notice of the following:

**NOTICE OF PENDANCY OF RELATED CASE – LOCAL RULE 1.07(c)**

1.　Under Local Rule 1.07(c), "lead counsel has a continuing duty to notify the judge of a related action pending in the Middle District or elsewhere." Plaintiff Colby Alexander Frank hereby notifies the Court that Mr. Frank is a plaintiff in the case stylized *Frank v. Chitwood et al*, filed in the 7th Circuit Court for Volusia County, Florida, Case No.: 2024 13385 CIDL. The claims brought in the above stylized case are related, but do not directly overlap with the claims pending in the present case.

**REQUEST TO TAKE JUDICIAL NOTICE OF OTHER RELATED LITIGATION**

2.　Plaintiff also asks the Court to exercise its discretion to take judicial notice of two pending lawsuits with relevance to Plaintiff's claims pending in this case:

3.  First, Plaintiff asks the Court to take judicial notice of *Desguin v. FDLE & Ron DeSantis*, pending in the 2nd Circuit Court for Leon County, Florida, Case No.: 2024-CA-001007. Specifically, Plaintiff brings to this Court's attention ¶¶ 21–23 of the complaint, which support Plaintiff's allegation of a conspiracy by state actors to suppress political speech, and specially, political opinions, through the use of House Bill 269. (See **Attachment A**).

4.  Second, Plaintiff asks the Court to take judicial notice of *Sabal v. Anti-Defamation League*, Civil Action No. 4:23-cv-01002-O (N.D. Tex.). Plaintiff specifically asks the Court to take notice of Dkt. 35 in that action, an order by the Honorable United States District Judge Reed O'Connor denying the Defendant Anti-Defamation League's 12(b)(6) motion to dismiss a defamation claim. The pertinent portions of that order provide as follows:

> Published by ADL's Center on Extremism, the entry links to a mission statement advising readers that ADL "track[s] extremist trends, ideologies and groups across the ideological spectrum" and its "staff of investigators, analysts, researchers and technical experts strategically monitor, expose and disrupt extremist threats." … Combined with the mission statement, the Glossary's context appears convey factual assertions about persons with Glossary entries rather than mere opinion… To a reasonable reader, the Glossary may objectively indicate that all persons on this list are similarly dangerous and abhorrent… Therefore, it is plausible that the inclusion of Sabal as an entry in the Glossary factually implies that he is a particular type of dangerous extremist who engages in, or is otherwise responsible for, similar criminal activity. As a result, the Court determines that Sabal pleads sufficient facts at this stage to show that the Glossary entry is a provably false statement and, in context, carries defamatory impact."[1]

---

[1] *Sabal v. Anti-Defamation League*, Civil Action No. 4:23-cv-01002-O (N.D. Tex.) Dkt. 35, pp. 12–13.

> By including Sabal alongside antisemites and extremists in a report highlighting "[h]ate [c]rime [s]tatistics" and "[e]xtremist [p]lots and [m]urders," a reasonable reader could objectively understand the publication's context as making a factual assertion that Sabal's events are associated with such criminal activity. Further evincing this potential factual imputation is the Lone Star Report's hyperlink to Sabal's Glossary entry. As with the publications discussed above, inclusion of Sabal by name in a report about criminal extremism and antisemitism is "obviously hurtful to [his] reputation" in Texas and carries the potential to injure his "office, profession, or occupation." *Hancock*, 400 S.W.3d at 63, 64.[2]

5. As in the *Desguin* case, Plaintiff's operative complaint alleges that Defendant Rep. Randy Fine published numerous defamatory statements in association with his attendance at Sheriff Michael J. Chitwood's February 27, 2023 "Rallying Against Hate" press conference, and in numerous other contexts associating Plaintiff and Plaintiff's image with antisemitism, extremism, terrorism, and criminal conduct. (Dkt. 48). For instance, Defendant Fine specifically referred to Plaintiff as an "antisemitic terrorist" (Dkt. 48 at p. 20); as "being prosecuted for one violent felony" (Dkt. 48 at p. 19); as well as numerous other allegations of criminal conduct. (Dkt. 48, *passim*) (Dkt. 49, *passim*). Judge O'Connor's order in *Desguin* is instructive as to whether the "reasonable reader could objectively understand the publication's context as making a factual assertion that Sabal's events are associated with such criminal activity," and therefore, state a plausible claim for defamation.

---

[2] *Id.* at 13.