**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

COLBY ALEXANDER FRANK,
an individual,

       Plaintiff,

v.                                      Case No. 6:23-cv-02043-JSS-RMN

RANDALL FINE, in his official capacity
as Member of the Florida House of
Representatives for the 33rd Congressional
District of the State of Florida; and in his
individual capacity,

       Defendant.

_____/

## **RANDALL FINE'S MOTION TO DISMISS**

Defendant, Randall Fine, in his official capacity as Florida Senator[1] for District 19, and in his official capacity, by and through the undersigned counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), hereby moves this Court for an Order dismissing the Complaint.

---

[1] Randall Fine was served with this complaint while serving as a Florida Senator for District 19 for alleged activity that took place while he was a Florida House Representative. He is now the United States House Representative for Florida's 6th District and will be referred to as "Congressman Fine."

**INTRODUCTION**

On or about October 23, 2023, Plaintiff initiated this lawsuit against Congressman Fine. Congressman Fine was served with the third amended complaint on March 25, 2025. In the Complaint, Plaintiff asserts the following claims:

    a. Count 1: First Amendment Retaliation, 42 U.S.C. § 1983.

    b. Count 2: Defamation.

    c. Count 3: Invasion of Privacy.

However, a cursory review of the laundry list of incognizable claims quickly reveals that dismissal is warranted because Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

The Complaint discusses various grievances with Congressman Fine and describes multiple interactions between Congressman Fine and Plaintiff. Plaintiff claims that Congressman Fine engaged in a "pattern of retaliatory conduct against Plaintiff with the stated intent and effect of depriving Plaintiff of his rights to speak and publish literature," yet, on its face, the Complaint is devoid of any facts to support this assertion.

Plaintiff attempts to argue that Congressman Fine's mere participation in a press conference—in which the congressman made no individual reference to Plaintiff—constitutes retaliatory conduct against him. Plaintiff also argues that Congressman Fine's social media posts—in which the congressman merely explained his

2

perspective of their interactions, described the conduct that his bill was targeting, and provided a link to Plaintiff's *public* website—constitute defamation, retaliatory conduct, and invasion of privacy.

Additionally, Plaintiff argues that Congressman Fine introducing a bill, pursuant to his legislative duties, constitutes First Amendment retaliation. These facts, even when taken as true, do not rise to the level of defamation, retaliatory conduct, or invasion of privacy, and this complaint should be dismissed.

## STANDARD OF REVIEW

In determining whether to grant a motion to dismiss, a court must accept the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *See Franklin v. Curry*, 738 F.3d 1246, 1248 (11th Cir. 2013). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). To survive a motion to dismiss, a complaint must contain sufficient factual matter, to "state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Absent necessary factual allegations, "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Id.*

In addition, a complaint must state a claim that is plausible on its face. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A]n inference is not reasonable if it is only a guess or a possibility, for such an inference is not based on the evidence but is pure conjecture and speculation." *Carlson v. U.S.*, 754 F.3d 1223, 1229 (11th Cir. 2014). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282-83 (11th Cir. 2007). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft*, 556 U.S. at 679.

## ARGUMENT

The rambling nature of the Complaint in the instant case fails to follow the clear pleading requirements of the Federal rules. Plaintiff provides a list of three counts and alleges facts that, even if taken as true, do not relate to the material elements necessary to sustain a recovery. Indeed, Plaintiff did not even provide the material elements to which he could connect his stated facts; he simply included conclusory statements that, if taken as true, would—at most—permit the court to infer the mere possibility of misconduct, which courts have determined is insufficient under Federal pleading standards. *See Ashcroft*, 556

4

U.S. at 679. Plaintiff also draws no connection between the alleged facts and the absurd relief he requests, leaving his complaint bereft of a plausible claim to relief. For the above reasons, the complaint should be dismissed for failure to state a claim upon which relief can be granted.

Regarding the First Amendment retaliation claim under 42 U.S.C. § 1983, as it relates to legislative acts, Congressman Fine is entitled to absolute immunity. State legislators are entitled to absolute immunity from civil liability for their legislative activities. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998). Legislative immunity is recognized to reinforce the independence of the legislative branch and "ensure that it will be able to perform the whole of the legislative function ceded to it by the Constitution free of undue interference." *Bryant v. Jones*, 575 F.3d 1281, 1304 (11th Cir. 2009). It is well established that legislative immunity is grounds for a motion to dismiss. *See Woods v. Gamel*, 132 F.3d 1417, 1420 (11th Cir. 1998). To claim protection under legislative immunity, it must be shown that "such immunity is justified for the governmental function at issue." *Bryant*, 575 F.3d at 1304. It is well established that "[i]t is the nature of the act which determines whether legislative immunity shields the individual from suit." *Yeldell v. Cooper Green Hosp., Inc.*, 956 F.2d 1056, 1062 (11th Cir. 1992).

Plaintiff alleges that Congressman Fine engaging in his legislative duties by sponsoring a bill combating what Plaintiff erroneously believes to be "protected

speech" entitles him to civil relief. The decision to sponsor a piece of legislation or not is a legislative act. *See Yeldell*, 956 F.2d at 1062 (finding voting, speech making on the floor, preparing committee reports, and participating in committee proceedings are all generally deemed legislative in nature). The Court does not need to look beyond the legislator's formal actions to consider whether they were legislative in nature. *See Bogan*, 523 U.S. at 55. Furthermore, the Supreme Court has stated "it simply is 'not consonant with our scheme of government for a court to inquire into the motives of legislators.'" *Id.* Therefore, any alleged facts that suggest an improper motive do not destroy the privilege. *See Bryant*, 575 F.3d at 1307.

The Eleventh Circuit has noted the purpose of legislative immunity is "to free legislators from such worries and distractions, it makes sense to apply the doctrine regardless of the capacity in which a state legislator is sued." *Scott v. Taylor*, 405 F.3d 1251, 1256 (11th Cir. 2005).

Also, none of the alleged statements by Congressman Fine are sufficient to state a claim for First Amendment retaliation. Plaintiff does not show how Congressman Fine's statements and conduct deterred Plaintiff from exercising his constitutional rights. *Echols v. Lawton*, 913 F.3d 1313, 1320 (11th Cir. 2019). Therefore, all claims of First Amendment retaliation against Congressman Fine's should be dismissed.

Plaintiff alleges Congressman Fine defamed him by making statements at a press conference and publishing certain statements on a social media platform. Dkt. 48 at 8 – 20. To establish a claim for defamation under Florida law, a plaintiff must demonstrate: (1) publication; (2) falsity; (3) knowledge or reckless disregard of falsity on a matter concerning a public figure, or negligence on a matter concerning a private person; (4) actual damages; and (5) that the statement is defamatory. *See, e.g., Mennella v. Am. Airlines, Inc.*, 824 F.App'x 696, 701 (11th Cir. 2020) (citing *Jews for Jesus, Inc. v. Rapp*, 997 So. 2d 1098, 1106 (Fla. 2008)). None of the alleged statements made by Congressman Fine rise to the level of stating a cause of action for defamation.

Nowhere in alleged facts does Plaintiff show Congressman Fine made any false statements at the February 27, 2023, press conference that led to harm to Plaintiff's name or reputation. Dkt. 48 at 8 – 12. A state court has previously ruled on this matter. This Court may take judicial notice of state trial court orders. *See In the Matter of Lisse*, 905 F.3d 495, 496 (7th Cir. 2018); *see also Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 651-52 (11th Cir. 2020). Plaintiff filed a complaint against Congressman Fine in a state court with similar counts and facts to those of the instant case: Defamation and Conspiracy to Interfere with Civil Rights. *Frank v. Chitwood et al.*, No. 2024-13385-CIDL (Fla. Volusia Cnty. Ct. Mar. 3, 2025) (order granting motion to dismiss complaint). The state court

found that "[n]owhere in the facts alleged does the Plaintiff show in his Complaint that [Congressman] Fine made any false statements that led to harm to the Plaintiff's name or reputation." *Id.* The court also noted that Plaintiff— both in his written response and at the hearing on the motion to dismiss— conceded that Congressman Fine's comments "did not individually mention plaintiff." *Id.* The court concluded by agreeing with Congressman Fine's argument that "the facts as pled do not state a cause of action upon which relief can be granted for the two counts," and it granted the motion to dismiss. *Id.*

The alleged social media posts made by Congressman Fine are also not susceptible to defamatory interpretation because they are opinions. *See Turner v. Wells*, 879 F.3d 1254, 1262 (11th Cir. 2018) (collection of Florida authorities). The alleged statements made by Congressman Fine regarding Plaintiff and their interactions are "pure opinion" because they are based on facts which were set forth in the social media posts and therefore are not actionable. *Id.* at 1262; *see also Blake v. Giustibelli*, 182 So. 3d 881, 884 n.1 (Fla. 4th DCA 2016).

Plaintiff fails to establish a cause of action against Congressman Fine regarding his alleged count of invasion of privacy.

## CONCLUSION

For the following reasons, this Court should dismiss Plaintiff's complaint under Rule 12(b)(6). Plaintiff fails to state a claim upon which relief may be granted, and the complaint should be dismissed.

## **LOCAL RULE 3.01(A) CERTIFICATION**

The undersigned certifies that this motion to dismiss does not exceed twenty-five pages inclusive of all parts.

/s/ Carlos Rey
Carlos Rey (FBN 11648)

## **LOCAL RULE 3.01(G) CERTIFICATION**

The undersigned certifies that counsel for Randall Fine conferred with the *pro se* Plaintiff regarding this motion to dismiss, that the parties do not agree on the resolution of the motion, that the motion is opposed, and the conference occurred via telephone.

/s/ Carlos Rey
Carlos Rey (FBN 11648)

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the foregoing has been e-filed

with the Clerk of Court using the e-Filing portal which will send notice and a copy

to all counsel of record on April 14, 2025.

/s/ Carlos Rey
Carlos Rey (FBN 11648)
*General Counsel*
Fla. Bar No.: 11648
404 South Monroe Street
Tallahassee, Florida 32399-1100
Telephone: 850-487-5237
Rey.carlos@flsenate.gov

*Counsel for Randall Fine*

11