UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COLBY ALEXANDER FRANK,

    Plaintiff,

v.                                                    Case No: 6:23-cv-2043-JSS-RMN

RANDALL ADAM FINE,

    Defendant.
_____/

## **ORDER**

On October 24, 2023, the court ordered that within fourteen days of a party's first appearance in this case, the party shall file a disclosure statement, and the court cautioned that a "motion, memorandum, response, or other paper (including emergency motions) may be denied or stricken unless the filing party has previously filed" the disclosure statement. (Dkt. 3 at 1–5 & n.1.) On April 14, 2025, Defendant appeared in this case by filing a motion to dismiss for failure to state a claim. (Dkt. 73.) On May 7, 2025, the court noted that Defendant failed to file the required disclosure statement within fourteen days of his appearance, required Defendant to respond within fourteen days of the order, and cautioned: "Failure to comply with this [o]rder may result in the entry of default or other appropriate sanctions without further notice." (Dkt. 75) The same day, the court ordered the parties to confer and file a case management report within fourteen days. (Dkt. 76.) On May 22, 2025, Plaintiff, proceeding pro se, filed a unilateral case management report. (Dkt. 77.)

To date, Defendant has not filed a disclosure statement, responded to the May 7, 2025 order noting his noncompliance with the disclosure statement requirement, or

filed a case management report together with Plaintiff. The court cautioned Defendant that it may deny or strike his motion unless he previously filed the disclosure statement and may enter default against him if he failed to comply with the May 7, 2025 order concerning the disclosure statement. Accordingly, Defendant's motion to dismiss (Dkt. 73) is **STRICKEN**, and default is **ENTERED** against him. *See United States v. Hemmerle*, No. 6:18-cv-283-Orl-22GJK, 2018 WL 3029064, at *2, 2018 U.S. Dist. LEXIS 101468, at *3 (M.D. Fla. May 31, 2018) ("A sanction of entry of [C]lerk's default is warranted in this case because of [the d]efendant's willful refusal to comply with [c]ourt orders."), *report and recommendation adopted by* 2018 WL 3020203, at *1, 2018 U.S. Dist. LEXIS 101360, at *1 (M.D. Fla. June 18, 2018); *Glanzrock v. Patriot Roofing Indus., Inc.*, No. 8:07-cv-535-T-33MAP, 2008 WL 3833950, at *2, 2008 U.S. Dist. LEXIS 125313, at *3 (M.D. Fla. Aug. 15, 2008) ("[T]he sanction of default is warranted in this case due to [the d]efendants' willful disregard of both the [c]ourt's [s]cheduling [o]rder and its [s]how [c]ause [o]rder."). The court advises Defendant that it "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Defendant may also refile his motion to dismiss once he demonstrates good cause and complies with the requirements discussed in this order.

**ORDERED** in Orlando, Florida, on May 29, 2025.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties