UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COLBY ALEXANDER FRANK,

    Plaintiff,

v.                                    Case No: 6:23-cv-2043-JSS-RMN

RANDALL ADAM FINE,

    Defendant.
_____/

## **ORDER**

    Because Defendant did not comply with orders requiring him to submit a disclosure statement, (*see* Dkt. 3), to respond to a show cause order regarding the disclosure statement requirement, (*see* Dkt. 75), and to file a case management report together with Plaintiff, (*see* Dkt. 76), the court struck Defendant's motion to dismiss (Dkt. 73) and the Clerk entered default against him, (*see* Dkt. 80). (*See* Dkts. 78, 79.) The court advised Defendant that it "may set aside an entry of default for good cause" under Federal Rule of Civil Procedure 55(c) and informed him that he would be allowed to refile his motion to dismiss after he established good cause and complied with the orders. (Dkt. 78 at 2.) Defendant has now submitted his disclosure statement, (*see* Dkt. 82), responded to the show cause order, (*see* Dkt. 81), and filed a case management report together with Plaintiff, (*see* Dkt. 85). He explains that due to technical errors, his counsel was not notified about the orders until June 2, 2025, and he asks that the court set aside the entry of default and permit him to refile his motion to dismiss. (*See* Dkt. 81.)

    Defendant has demonstrated good cause to set aside the entry of default and

has complied with the requirements in the orders. For purposes of Rule 55(c), good cause is a liberal standard. *See Compania Interamericana Exp.-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996). Further, courts express "a strong preference for deciding cases on the merits—not based on . . . missed deadline[s]—whenever reasonably possible." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014); *accord Valdez v. Feltman* (*In re Worldwide Web Sys.*), 328 F.3d 1291, 1295 (11th Cir. 2003) ("[T]here is a strong policy of determining cases on their merits . . . ."). Because "a technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim" or defense, *Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) (quotation omitted), the court grants Defendant's requests. The Clerk is **DIRECTED** to set aside the entry of default (Dkt. 80). Defendant may refile his motion to dismiss on or before June 10, 2025.

**ORDERED** in Orlando, Florida, on June 3, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties