UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

COLBY ALEXANDER FRANK,

    Plaintiff,

v.                                           Case No. 6:23-CV-2043-JSS-RMN

RANDALL ADAM FINE, etc.

    Defendant.
_____/

**MOTION TO MODIFY AND ABATE SCHEDULING
ORDER DEADLINES PENDING A RULING
ON DEFENDANT'S MOTION TO DISMISS**

    Defendant, Randall Fine, respectfully requests modification and abatement of the deadlines in this Court's Case Management and Scheduling Order [DE 89] pending a ruling on Defendant's motion to dismiss [DE 87], and in support states:

    1.    On June 3, 2025, Defendant moved to dismiss Plaintiff's Third Amended Complaint. The Court previously dismissed the prior complaint for failing to state a cause of action. DE 45.

    2.    Based on a preliminary review of the motion to dismiss and the Third Amended Complaint, the Court granted Defendant's motion to stay discovery. DE 92. The remainder of the Court's pretrial deadlines remain in place. *See id.*

1

3. Consistent with the Order staying discovery, the parties have refrained from discovery but otherwise complied with the Court's deadlines, including the mediation deadline. Defendant and the Plaintiff, who is proceeding pro se, attended mediation, which concluded in an impasse. DE 98.

4. Because the Court is considering Defendant's dispositive motion to dismiss and discovery has been stayed, Defendant respectfully requests that the Court abate the remaining deadlines in the Case Management and Scheduling Order. If the Court grants Defendant's motion to dismiss, the deadlines will be moot, and if the Court were to deny Defendant's motion (which it should not), Defendant would request an amended scheduling order that incorporates new discovery and pretrial deadlines.

5. Each of Plaintiff's complaints has attempted to assert different legal causes of action. In light of the various facts and legal theories asserted by Plaintiff, and while the most recent version of Plaintiff's complaint remains subject to a pending motion to dismiss with discovery stayed, good cause exists under Rule 16 of the Federal Rules of Civil Procedure to abate and modify the Court's Case Management and Scheduling Order. Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent.").

6. Good cause exists to modify a scheduling order where a motion to dismiss is pending and discovery has been stayed. *See Caesar Depaco, v. Sociedade Independente de Comunicacao S.A.*, No. 3:22-CV-1394-RKE-MCR,

2024 WL 6881584, at *2 (M.D. Fla. Apr. 15, 2024) (granting a motion to modify scheduling order to afford the Court the opportunity to decide a motion to dismiss and then to allow discovery if the complaint survived dismissal).

7. Where discovery has been stayed pending a motion to dismiss, courts have agreed to modify a scheduling order and abate other pretrial deadlines in the event the motion to dismiss is denied in whole or in part. *Tibbetts Lumber Co., LLC v. Amerisure Ins. Co.*, No. 8:19-CV-1275-T-35AAS, 2019 WL 13072006, at *2 (M.D. Fla. Dec. 9, 2019); *see Race v. Bradford Cnty., Florida*, No. 3:18-CV-153-J-39PDB, 2019 WL 1755808, at *2 (M.D. Fla. Apr. 19, 2019) (vacating all deadlines under a scheduling order and requiring the parties to submit an amended case management report in the event a pending dispositive motion to dismiss was denied).

8. Other courts in this Circuit have similarly stayed all pretrial deadlines under *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) and its progeny, where, as here, a preliminary look at the motion to dismiss shows that the complaint may fail to state a cause of action. *Wiley v. Bd. of Ethics of DeKalb Cnty.*, No. 1:23-CV-00574-SEG-RGV, 2023 WL 12180001, at *2 (N.D. Ga. May 30, 2023); *Fernandez v. SITA Info. Networking Computing USA, Inc.*, No. 1:18-CV-4705-LMM-CCB, 2019 WL 13268626, at *2 (N.D. Ga. Jan. 25, 2019); *Kleiman v. Wright*, No. 18-CV-80176-BB, 2018 WL

3

8620096, at *2 (S.D. Fla. Aug. 2, 2018); *Wildhaber v. EFV*, No. 17-CV-62542, 2018 WL 11656373, at *2 (S.D. Fla. Mar. 6, 2018).

9. The relief requested is not for the purpose of delay and will not prejudice any party or non-party. It will promote judicial economy and narrow any necessary discovery and dispositive motions if the case survives dismissal.

WHEREFORE, Defendant respectfully requests that the Court modify and abate the remaining deadlines in this Court's Case Management and Scheduling Order and issue an Amended Case Management and Scheduling Order in the event Defendant's motion to dismiss is denied in whole or in part.

## CERTIFICATE OF CONFERRAL

I hereby certify that counsel for Defendant conferred via email with Plaintiff on November 30, 2025, on the relief requested in this motion, and the relief requested is opposed.

>*/s/ Angel A. Cortiñas*
>Angel A. Cortiñas, FBN 797529
>DENTONS US LLP
>1 Alhambra Plaza, Penthouse
>Coral Gables, Florida 33134
>Telephone: 305-537-0015
>angel.cortinas@dentons.com
>*Counsel for Defendant Randall Fine*

4

## CERTIFICATE OF SERVICE

  I certify on November 30, 2025, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.  Additionally, on November 30, 2025, the attached was served on Plaintiff by e-mail at dariusthecarryus@gmail.com and on the next business day by U.S. Mail to P.O. Box 86, Destin, Florida 32540.

                    */s/ Angel A. Cortiñas*