UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division
Case No. 6:23-CV-2043-JSS-RMN

COLBY ALEXANDER FRANK,

    Plaintiff,

v.

RANDALL ADAM FINE, etc.

    Defendant.

_____/

**DEFENDANT'S RESPONSE TO**
**PLAINTIFF'S MOTION TO TRANSFER VENUE**

Defendant, Randall Fine, responds in opposition to Plaintiff's motion to transfer venue to the Northern District of Florida because the motion is untimely, unauthorized, and violates 28 U.S.C. § 1404.[1]

    1.    Plaintiff commenced this action more than two years ago. DE 1.

    2.    Since then, this case has received significant attention from the Court, including entering rulings on several complaints and motions by Plaintiff. DE 5, 6, 7, 23, 28, 31, 32, 39, 45, 56, 57. The Court has also addressed and denied a motion by Plaintiff for preliminary injunction. DE 33.

---

[1] Plaintiff did not serve this motion on Defendant on December 16, 2025 as Plaintiff falsely certified. Defendant did not receive the motion to transfer venue (DE 106) until December 23, 2025 when it was served by the clerk using ECF. *See* Exhibit 1.

1

3. Despite the Court's busy schedule, the Court has provided due attention to this case, including providing guidance to the pro se Plaintiff through its reports and recommendations and orders.

4. The case has been delayed by Plaintiff's failure to state a cause of action, failure to comply with Court orders, and repeated violation of local rules, including required service of documents on Defendant, and not any inaction by the Court.

5. There is no legal basis to transfer this case to the Northern District of Florida. Therefore, Plaintiff's motion should be denied.

## MEMORANDUM OF LAW

Pursuant to 28 USC § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."

Although a Plaintiff, after selecting and litigating in one venue, may move to transfer to another venue, the motion should be based upon a change of circumstances after the case was first filed:

> To proceed on a motion to transfer venue, courts generally agree that a plaintiff must first show that there has been a change of circumstances since the suit was filed that warrants transfer. *Cox v. Ashcroft*, No. CV–F–05–149 OWW/GSA, 2008 WL 802314, at *1 (E.D.Cal. Mar. 25, 2008); *Moto Photo*, 2003 WL 298799 at *10 (citing cases).

*Bobosky v. Adidas AG*, No. CV 10-630-PK, 2010 WL 4853295, at *6 (D. Or. Oct.

8, 2010), *report and recommendation adopted*, No. CIV 10-630-PK, 2010 WL 4828392 (D. Or. Nov. 18, 2010).

The party moving to transfer must also seek relief with reasonable promptness. *Jackson v. Athena Bitcoin, Inc.*, No. 4:24CV331-MW/MJF, 2025 WL 2816769, at *2 (N.D. Fla. Sept. 11, 2025); *Zamora-Garcia v. Moore*, No. CIV.A. M-05-331, 2006 WL 3341034, at *4 (S.D. Tex. Nov. 16, 2006); *N2 Consulting, LLC v. Engineered Fastener Co.*, No. 3-02-CV-0308-BD, 2002 WL 31246770, at *2 (N.D. Tex. Oct. 2, 2002).

A motion to transfer venue is subject to a two-prong test. "First, this Court determines whether the action could have been pursued in the venue to which transfer is sought. Second, this Court assesses "whether convenience and the interest of justice require transfer to the requested forum." *Jackson*, 2025 WL 2816769, at *1 (footnote omitted). Here, Plaintiff fails both prongs and, importantly, the Court need not even reach the second prong because there was no basis to have brought this case in the Northern District in the first place, thereby prohibiting transfer.

1. **The Action Could Not Have Been Brought in the Northern District of Florida**

Under 28 U.S.C. § 1391(b), venue is proper (1) in the district where the defendant resides; (2) in the district where a substantial part of the events giving rise to the claim occurred; and (3) if no such district exists, then any

3

district where the Defendant is subject to personal jurisdiction. Here, Plaintiff has failed to satisfy his burden of establishing that the case could have originally been brought in the Northern District. Most importantly, Plaintiff has presented no evidence that Defendant lived in the Northern District when the case was filed or any other relevant time. On the contrary, since the case was filed, Defendant has resided in the Middle District of Florida.[2]

Indeed, at the time of the allegations in this case, Defendant was a member of the Florida House of Representatives serving Florida's District 33 in Brevard County, which is in the Middle District.[3] In 2024, Defendant began serving as a Florida State Senator for Florida's District 19 in Brevard County, also in the Middle District.[4] Now, Defendant is a member of the United States House of Representatives serving the Sixth Congressional District, which is in the Middle District.[5] Because Defendant did not reside in the Northern District of Florida when this action was commenced, the action could not have been brought there under 28 U.S.C. 1391(b)(1) and cannot be transferred there now under Section 28 U.S.C. §1404(a).

---

[2] For privacy and security reasons, Defendant, a U.S. Congressman, is not publicly filing his home address.

[3] https://www.flhouse.gov/Sections/Representatives/details.aspx?MemberId=4646&SessionId=87

[4] https://www.flsenate.gov/Senators/2024-2026/S19/5260

[5] https://www.congress.gov/member/randy-fine/F000484

4

Further, a substantial portion of the events giving rise to the claim did not occur in the Northern District of Florida. In Plaintiff's Third Amended Complaint, he admits that his causes of action are based upon conduct in this District: "Venue is proper in the Middle District of Florida because a substantial part of the events and transactions giving rise to Plaintiff's claims occurred within the forum state and within the Middle District of Florida" DE 48 ¶11.

The sole conduct that Plaintiff argues occurred in the Northern District of Florida is the passage of legislation combatting antisemitic conduct. However, the mere passage of that legislation was not a "substantial part of the events and transactions giving rise to Plaintiff's claims." 28 U.S.C. § 1391(b)(2). As Plaintiff has admitted, even Florida's governor signed the new legislation outside of the Northern District of Florida. DE 106 at 4. Moreover, Congressman Fine has absolute immunity for all legislative conduct, rending such conduct irrelevant to Plaintiff's claims. *Bogan v. Scott-Harris*, 523 U.S. 44, 49 (1998).

It is clear from the allegations in the Third Amended Complaint that Plaintiff's case is based upon on supposed conduct in the Middle District of Florida, not from the Northern District of Florida.

- Plaintiff claims he should be allowed to distribute antisemitic flyers in this District. DE 48 ¶¶12, 15.

- Plaintiff relies on statements made by the Volusia County Sheriff, located in the Middle District. DE 48 ¶¶ 20-34, 62, 65

- Plaintiff refers to an antisemitic flyer Defendant's minor son found in his driveway in the Middle District of Florida. DE 48 ¶¶ 35.

- Plaintiff also refers to a meeting in Brevard County (in the Middle District) where Plaintiff accosted the Defendant. DE 48 ¶¶ 36-48.

- Plaintiff relies on comments allegedly made by Defendant referring to Plaintiff's attempt to enter Defendant's office in Brevard County without permission. DE 48 ¶¶ 55.

- Plaintiff also refers to demonstrations that occurred on an I-95 overpass.[6] DE 48 ¶ 58.

- Plaintiff refers to action by the City of Oakland, Florida, which is located in Orange County in the Middle District of Florida. DE 48 ¶ 60.

Plaintiff's recent request for judicial notice further demonstrates that the Middle District of Florida is the only jurisdiction with any substantial connection to Plaintiff's allegations. DE 105. In that motion, Plaintiff asked this Court to take judicial notice of several documents already incorporated into the Third Amended Complaint. These documents reflect alleged conduct

---

[6] I-95 runs through Florida's Southern District and Middle District but not the Northern District. https://hepgis-usdot.hub.arcgis.com/apps/5bc2eb26bb6644958716a274f8664ee8/explore.

in the Middle District of Florida DE 105, Exhibit A (Volusia County Sheriff); Exhibit B (Defendant's residence in the Middle District); Exhibit F (Defendant's Brevard County office); Exhibit G (Palm Bay Police Report); Exhibit J (Oakland Police Conduct).

Thus, virtually all of the alleged conduct complained of and at issue in this case occurred, if at all, in the Middle District of Florida. Therefore, the action could not have been brought in the Northern District of Florida under 28 U.S.C. 1391(b)(2) and cannot be transferred there now under Section 28 U.S.C. §1404(a).

### 2. Convenience and the Interests of Justice Require the Action to Remain in the Middle District of Florida.

Although the Court need not reach the second prong, which considers convenience and the interests of justice, because the case could not have been brought in the Northern District of Florida in the first place, the factors considered in this prong weigh in favor of denying Plaintiff's motion. These factors include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of

7

> justice, based on the totality of the circumstances. *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

*Jackson v. Athena Bitcoin, Inc.*, No. 4:24CV331-MW/MJF, 2025 WL 2816769, at *1 (N.D. Fla. Sept. 11, 2025) (footnote omitted).

(1)   The convenience of the witnesses

Based on the allegations in the Third Amended Complaint, every witness other than Plaintiff appears to reside in the Middle District of Florida, namely, in Volusia County, Brevard County, Orange County.[7]  Therefore, this factor weighs in favor of denying Plaintiff's motion.

(2)   The location of relevant documents and the relative ease of access to sources of proof

The documents and alleged evidence Plaintiff relies on exist in the Middle District because that is the location of the witnesses where the alleged conduct was present. The remaining allegations concern online statements. Therefore, this factor weighs in favor of denying Plaintiff's motion.

(3)   The convenience of the parties

Defendant, a United States Congressman, presently resides in the Middle District and spends time in Washington D.C. Defendant is no longer a state representative or senator, which makes travel to the Northern District inconvenient and unnecessary. Although Plaintiff claims to have moved to the

---

[7] Plaintiff's suggestion that Florida's Governor will be a witness in this case is baseless.

8

Northern District of Florida, that fact is irrelevant for venue purposes. *Contreras v. Mahan*, No. 09-CV-0019-H (WMC), 2010 WL 935659, at *1 (S.D. Cal. Mar. 12, 2010) ("Under the applicable venue provisions, however, the defendant's residence may be relevant, but the plaintiff's residence is irrelevant."). Therefore, this factor weighs in favor of denying Plaintiff's motion.

(4)     The locus of operative facts

As set forth *supra*, virtually all material conduct alleged in this case occurred in the Middle District of Florida. Therefore, this factor weighs in favor of denying Plaintiff's motion.

(5)     The availability of process to compel the attendance of unwilling witnesses.

Because the witnesses to the conduct alleged in the Third Amended Complaint reside and work in the Middle District of Florida and may not be within 100 miles of the Northern District, the availability of process to compel their attendance is greater in this District. Therefore, this factor weighs in favor of denying Plaintiff's motion.

(6)     The relative means of the parties

Plaintiff has tried, and failed, several times to proceed in forma pauperis. Therefore, while Plaintiff's financial means are unknown to Defendant, and this factor is not addressed in Plaintiff's own motion, Plaintiff has sufficient

9

means to continue to litigate in the venue he initially chose to file suit. This factor does not weigh in favor of or against transfer.

 (7) <u>A forum's familiarity with the governing law</u>

This Court has already considered and ruled on several complaints by Plaintiff. The causes of action asserted in this case are not unique or novel. This Court is well situated to rule on claims under Section 1983 and for defamation and invasion of privacy. In fact, this Court is the most familiar with governing law as it applies to the allegations in this case because it has been considering Plaintiff's allegations for more than two years. Therefore, this factor weighs in favor of denying Plaintiff's motion.

 (8) <u>The weight accorded a plaintiff's choice of forum</u>

Although the Plaintiff's choice of venue is ordinarily given weight, here, Plaintiff chose the Middle District to pursue this action. Plaintiff has not moved to transfer venue with the requisite diligence and has failed to present any change of circumstance justifying a change of venue. *Supra* at 2-3. Therefore, this factor weighs in favor of denying Plaintiff's motion.

 (9) <u>Trial efficiency and the interests of justice, based on the totality of the circumstances.</u>

The Court has entered a stay pending ruling on Defendant's dispositive motion to dismiss. DE 100. The stay preserves the status quo, which conserves judicial economy as well as the time and expense of the parties. Plaintiff is

10

seeking monetary damages only in this case and is not prejudiced by the minimal passage of time while the Court considers Defendant's motion to dismiss. Moreover, the Court has already taken the time to consider the prior filings in this case and it would be inefficient and unwarranted to require a different court in a different District to start the process over again.

Based on the totality of the circumstances, including the delay caused by Plaintiff's failure to comply with applicable laws and rules, the time spent by this Court on the case already, and the current preservation of the status quo, which benefits both parties, this factor weighs in favor of denying Plaintiff's motion.

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's motion for to transfer venue.

*/s/ Angel A. Cortiñas*
Angel A. Cortiñas, FBN 797529
DENTONS US LLP
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Telephone: 305-537-0015
angel.cortinas@dentons.com
*Counsel for Defendant Randall Fine*

11

## **CERTIFICATE OF SERVICE**

I certify on January 6, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared.  Additionally, on January 7, 2026, the attached was served on Plaintiff by e-mail at dariusthecarryus@gmail.com and on the next business day by U.S. Mail to P.O. Box 86, Destin, Florida 32540.

/s/ Angel A. Cortiñas