UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Orlando Division

Case No. 6:23-CV-2043-JSS-RMN

COLBY ALEXANDER FRANK,

     Plaintiff,

v.

RANDALL ADAM FINE, etc.

     Defendant.

_____/

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S MOTION FOR JUDICIAL NOTICE

Defendant, Randall Fine, responds in opposition to Plaintiff's motion for judicial notice, and in support states:[1]

Plaintiff has asked the Court to take judicial notice of ten (10) documents he intends to submit as evidence in the case. A summary of these documents is set forth in the attached Addendum to this Response. Plaintiff's motion should be denied because judicial notice is not necessary or appropriate in ruling on Defendant's motion to dismiss and there is no other legal basis to take judicial notice of the subject documents.

---

[1] Plaintiff did not serve this motion on Defendant on December 16, 2025 as Plaintiff falsely certified. Defendant did not receive the motion for judicial notice with exhibits (DE 105) until December 23, 2025 when it was served by the clerk using ECF. *See* Exhibit 1.

1

**MEMORANDUM OF LAW**

"[J]udicial notice of facts under Federal Rule of Evidence 201 is 'a highly limited process' which "bypasses the safeguards which are involved with the usual process of proving facts by competent evidence in district court." *Scanz Techs., Inc. v. JewMon Enters, LLC*, No. 20-22957-CIV, 2021 WL 65466, at *5 (S.D. Fla. Jan. 7, 2021) (quoting *Shahar v. Bowers*, 120 F.3d 211, 214 (11th Cir. 1997)).  "[A] court may only take judicial notice where the fact in question is not subject to reasonable dispute because it is either generally known within the territorial jurisdiction of the Court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.*  The types of facts courts will generally take judicial notice of "are things like scientific facts, matters of geography, or matters of political history." *Id.*  The documents at issue in Plaintiff's motion fail to satisfy the requirements for judicial notice under Rule 201.

1. **Judicial Notice of the Subject Documents Is Not Necessary or Appropriate in Considering Defendant's Motion to Dismiss.**

Judicial Notice is generally an evidentiary issue that bypasses formal proof.  *Shahar*, 120 F.3d at 214.  Because discovery has been stayed and no evidentiary issues are presently before the Court [DE 100], taking judicial notice of these documents at this time, and relieving Plaintiff of his evidentiary burden to prove material facts in his case, is unwarranted and premature.

Unlike the Plaintiff's request for judicial notice, which is intended to support the sufficiency of the Third Amended Complaint, a *defendant* will, at times, request judicial notice to support a motion to dismiss without converting it into a motion for summary judgment.   This may be necessary where a plaintiff has omitted information from the complaint required to determine the sufficiency of the pleadings.  *See, e.g., Ebeh v. St. Paul Travelers*, No. 8:09-CV-2628-T-27TBM, 2010 WL 5553687, at *3 (M.D. Fla. Oct. 6, 2010), *report and recommendation adopted,* No. 8:09-CV-2628-T-27, 2011 WL 53028 (M.D. Fla. Jan. 7, 2011), *aff'd,* 459 Fed. Appx. 862 (11th Cir. 2012).  In *Ebeh*, as frequently occurs, the court took judicial notice of judicial documents from an earlier case that were germane to dismissal.  *See Mack v. Metro. Life Ins. Co.*, No. 808-CV-595-T-30EAJ, 2008 WL 2952887, at *3 (M.D. Fla. July 30, 2008) (taking judicial notice of earlier judicial documents to evaluate res judicata argument on motion to dismiss).  That is not the case here.

In contrast, Plaintiff's motion is akin to the request in *Nassar v. Nassar*, No. 3:14-CV-1501-J-34MCR, 2017 WL 26859, at *5 (M.D. Fla. Jan. 3, 2017), *aff'd,* 708 Fed. Appx. 615 (11th Cir. 2017), where the plaintiff asked the court to take judicial notice of certain websites to defeat a motion to dismiss.  *Id.*  The Court concluded that the information on the websites there was not generally known in this jurisdiction because it related to the historical contents of a privately owned website.  Like the documents at issue in Plaintiff's motion, the

Court in *Nassar* found that the information contained on the websites at issue there was "not the type of information that the Court may judicially notice," holding that, in general, "non-governmental websites are not proper subjects of judicial notice." *Id.* The Court also concluded that it was unnecessary to take judicial notice of the websites at the dismissal stage of the pleadings because the court was required to "accept Plaintiff's allegations as to the contents of those websites as true" for purposes of ruling on a motion to dismiss. *Id.* The same is true here.

This Court similarly denied a plaintiff's request for judicial notice of documents in *Wright v. Edwards*, No. 6:22-CV-1147-WWB-LHP, 2023 WL 4002622, at \*1 (M.D. Fla. May 8, 2023). The Court held that the plaintiff failed to establish entitlement to judicial notice and, in any event, whether or not the plaintiff stated a cause of action would be resolved based upon the allegations in the complaint, the defendant's motion to dismiss, and the plaintiff's response. *Id.*

Eight of the ten documents at issue in Plaintiff's motion for judicial notice are already quoted in the Third Amended Complaint. *See* Addendum. There is no basis to take judicial notice of these documents since their existence must already be accepted as true for purposes of ruling on the motion to dismiss. The remaining two documents consist of an alleged police report and a news article. These documents are not germane to Defendant's motion to

dismiss and Plaintiff does not provide any basis or need for judicial notice of them.

### 2. There Is No Legal Basis to Take Judicial Notice of the Subject Documents.

The Court should also deny Plaintiff's motion because the ten documents at issue do not satisfy the requirements of Rule 201 for judicial notice. *Benoit*, 2024 WL 5703476, at \*3 ("To consider a document attached to a motion to dismiss, the document must be central to the plaintiff's claim and undisputed.").

First, the documents do not contain information generally known in this District (such as judicial records, maps, or plats) and they cannot be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. As submitted by Plaintiff, it is impossible on this record to know whether Plaintiff was the author of each of the posts attributed to him, whether the posts were submitted to this Court in their entirety, and what the basis was for the "summary" in Exhibit E to the motion. Further, with respect to the non-Twitter posts, Plaintiff has not established their authenticity or that they are undisputed; "'Undisputed' in this context means that the authenticity of the document is not challenged." *Benoit v. Silverio*, No. 2:23-CV-1070-JES-NPM, 2024 WL 5703476, at \*3 (M.D. Fla. Apr. 12, 2024) (quoting *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)).

Second, the documents do not support Plaintiff's causes of action.

Count I, which is based on an alleged violation of the First Amendment and 42 U.S.C. 1983, fails because Congressman Randall Fine, then an elected member of the Florida House of Representatives,[2] enjoyed absolute legislative immunity for all legislative actions, including introducing legislation. *Pernell v. Florida Bd. of Governors of State Univ.*, 84 F.4th 1339, 1343 (11th Cir. 2023); *Tenney v. Brandhove*, 341 U.S. 367, 378 (1951). Additionally, none of the statements allegedly made on Twitter[3] are alleged to have been made for the purpose of depriving Plaintiff of his right to free speech, which is a necessary element of a violation of the First Amendment and 42 U.S.C. 1983. *See Willson v. Yerke*, No. 3:10-CV-1376, 2013 WL 6835405, at *12 (M.D. Pa. Dec. 23, 2013), *aff'd*, 604 Fed. Appx. 149 (3d Cir. 2015) (name calling, taunting, and rude hand gestures did not violate the plaintiff's freedom of speech).

Count II for alleged defamation fails because the statements alleged to have been made by Congressman Fine are demonstrably true, and statements of opinion in any event. As this Court has already determined, "[s]tatements indicating a political opponent is a Nazi or coward" are not actionable. *Frank v. Fine*, No. 6:23-CV-2043-PGB-RMN, 2024 WL 473718, at *3 (M.D. Fla. Jan.

---

[2] Mr. Fine is now a member of the United States House of Representatives.

[3] Plaintiff's complaint focuses on a statement made by someone other than the Defendant. Third Amended Complaint at ¶22.

5, 2024), *report and recommendation adopted*, No. 6:23-CV-2043-PGB-RMN, 2024 WL 473720 (M.D. Fla. Jan. 19, 2024).

Count III for invasion of privacy, which is based upon a supposed unlawful appropriation of Plaintiff's image, fails because that cause of action is limited to a name or image used for a commercial purpose, which is not what is alleged here. *See Tyne v. Time Warner Entm't Co., L.P.*, 901 So. 2d 802, 809 (Fla. 2005) ("'[E]xpressive work' protected by the First Amendment [is] not commercial speech because commercial speech is best understood as speech that merely advertises a product or service for business purposes.").

Plaintiff's motion for judicial notice would, at most, establish the existence of the documents at issue. *Doe I v. Sabeti*, No. 6:25-CV-219-GAP-DCI, 2025 WL 3073071, at *5 (M.D. Fla. Nov. 4, 2025) (taking judicial notice of the existence of an online article but not the truth of the matter asserted within he article); *Wood v. Netflix, Inc.*, No. 8:22-CV-2431-CEH-AAS, 2025 WL 918078, at *8 (M.D. Fla. Mar. 26, 2025) (taking judicial notice of a news article only for the limited purpose of establishing that someone was a public figure). However, the existence of these documents does not support and are not central to Plaintiff's causes of action. Plaintiff cannot use judicial notice to bypass his obligation to prove his case with evidence. Therefore, there is no legal basis to take judicial notice of any of the documents at issue in Plaintiff's motion

WHEREFORE, Defendant respectfully requests that the Court deny Plaintiff's motion for judicial notice.

/s/ *Angel A. Cortiñas*
Angel A. Cortiñas, FBN 797529
DENTONS US LLP
1 Alhambra Plaza, Penthouse
Coral Gables, Florida 33134
Telephone: 305-537-0015
angel.cortinas@dentons.com
*Counsel for Defendant Randall Fine*

## CERTIFICATE OF SERVICE

I certify on January 6, 2026, I electronically filed the foregoing with the Clerk of Court by using CM/ECF, which automatically serves all counsel of record for the parties who have appeared. Additionally, on January 7, 2026, the attached was served on Plaintiff by e-mail at dariusthecarryus@gmail.com and on the next business day by U.S. Mail to P.O. Box 86, Destin, Florida 32540.

/s/ *Angel A. Cortiñas*

8

## ADDENDUM

- Six purported posts from X (fka Twitter).  DE 102, Exs. A-F:

    i.   The first post, which does not mention Plaintiff, states "Nazis are not welcome in Florida. Period."  *Id*., Ex. A.  This post was referenced in paragraph 22 of the Third Amended Complaint.

    ii.  The second post refers to a flyer that Defendant's 11 year-old son found in his driveway in a bag with rocks.  Plaintiff is not mentioned.  *Id*., Ex. B.  The flyer, which Defendant's son found, and which Plaintiff omits from his submission to this Court, is attached hereto as Exhibit 2.  This post was referenced in paragraph 35 of the Third Amended Complaint, where Plaintiff admits he is not mentioned.

    iii. The third post references Defendant being accosted by a Nazi with a camera and does not mention Plaintiff.  DE 102, Ex. C.  This post also includes several replies from unknown individuals.  *Id*.  This post was referenced in paragraph 47 of the Third Amended Complaint.

    iv.  The fourth post states "Here's a pic of the Nazi who jumped me" but no photograph is present.  *Id*., Ex. D.  This post was referenced in paragraph 51 of the Third Amended Complaint with the photo.

    v.   The fifth post contains a reference to the "Nazi's background" and

9

includes a photo.  Plaintiff's name is not mentioned.  *Id.*, Ex. E.[4]  This

post was referenced in paragraph 52 of the Third Amended Complaint.

vi. The sixth post references Plaintiff attempting to break into the

Defendant's office, noting he was the "loser, Colby Frank, who jumped

me two months ago."        *Id.*, Ex. E.   This post was referenced in

paragraph 52 of the Third Amended Complaint.

- An "Event Report" supposedly from the Palm Bay Police Department

  containing self-serving statements from Plaintiff.  *Id.*, Ex. G.

- A document purportedly from the "Jewish Telegraph Agency."  *Id.*, Ex. H.

  This document was referenced in paragraph 71 of the Third Amended

  Complaint.

- An article from nbcmiami.com, neither written by the Defendant nor

  mentioning Defendant, which states that a neo-Nazi Jon Minadeo, II (not

  Plaintiff), was jailed for distributing antisemitic literature around Palm

  Beach County. *Id.,* Ex. I.

- An article from fox35orlando.com discussing the Oakland, Florida Police

  Department's decision not to prosecute the distribution of antisemitic

  flyers.  *Id.*, Exhibit J.  This article was referenced in paragraph 61 of the

  Third Amended Complaint.

---

[4] The document at Exhibit E contains a "summary" with no explanation of its origin, what was summarized, how it was prepared, or who prepared it.