UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COLBY ALEXANDER FRANK,

Plaintiff,

CASE NO.: 6:23-cv-2043-JSS-RMN

v.

RANDALL ADAM FINE,

Defendant.
_____________________________________________/

**NONPARTY MICHAEL J. CHITWOOD'S**
**MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS**

Michael J. Chitwood, Sheriff of Volusia County, Florida, a non-party, pursuant to Federal Rules of Civil Procedure 26(c)(1) and 45(d), respectfully moves for a protective order and to quash subpoenas. As grounds therefor, the Sheriff states:

**OVERVIEW**

Michael J. Chitwood is the Sheriff of Volusia County, Florida (the "Sheriff"). The Sheriff is not a party to this action. On October 13, 2026, the Sheriff's Office received three subpoenas from Plaintiff, Colby Frank. Two of the subpoenas command the production of multiple documents in two days, October 15, 2026, at 6:06 p.m. The third subpoena commands the

Sheriff to appear and provide deposition testimony at the Volusia County Courthouse, 101 North Alabama Avenue, in DeLand on Sunday, November 15, 2026, at 10:00 a.m. Copies of the subpoenas are attached as Exhibits A, B, and C.

The subpoenas for documents do not allow the Sheriff a reasonable time for compliance. With only two days to comply, the subpoenas for documents do not provide the Sheriff with sufficient time to evaluate any claims of privilege or protection regarding the requested items. Pursuant to Local Rule 3.04, the Sheriff is entitled to at least 14 days to respond to a subpoena duces tecum.

The subpoena to testify at a deposition commands the Sheriff to appear at the Volusia Courthouse on a Sunday morning. The Courthouse is closed on Sundays. Although the undersigned has not been able to determine the Sheriff's availability at the time of filing this motion, counsel for Defendant Fine maintains that this date was not coordinated with his office.

As noted in the conferral certification below, the undersigned spoke with Plaintiff Frank this afternoon, October 14, 2026. Frank acknowledged that it was not his intention to require the Sheriff to produce documents in 48 hours or for the Sheriff to be deposed on a Sunday. Before Frank prepared

the subpoenas, Frank and the undersigned communicated about an anticipated motion for protective order asserting the apex doctrine when Frank requested to take the deposition of the Sheriff last month. Frank explains that he chose a date in mid-November as a placeholder in anticipation of this motion.

## FRANK'S STATE COURT LAWSUIT AGAINST THE SHERIFF

The Sheriff and Defendant Fine are among 14 defendants Frank named in a state court lawsuit alleging deprivation of civil rights, defamation, and invasion of privacy.[1] Frank's state lawsuit pertains to statements made by the Sheriff at a press conference held on February 27, 2023. The press conference, which was attended by law enforcement, and political and religious leaders, was recorded by a local news outlet.[2] The state trial court ultimately found that the Sheriff was protected by absolute immunity and determined that the Sheriff's statements at issue were nondefamatory and

---

[1] *Colby Alexander Frank v. Michael Jude Chitwood, et al.*, Case Number: 2024 13385 CIDL, Seventh Judicial Circuit in and for Volusia County, Florida.

[2] https://www.youtube.com/watch?v=6xpzX-v7zgI

protected by the First Amendment.[3] Frank appealed to the Fifth District Court of Appeals, where the case is currently pending.

In the present action, Frank's Third Amended Complaint references the Sheriff and the statements he made during the same press conference on February 27, 2023. Doc. 48, ¶¶ 20-34. Frank now seeks to depose the Sheriff in the present action regarding the same subject matter as his dismissed state court case.

## ARGUMENT

### I. THE SHERIFF WARRANTS PROTECTION FROM DEPOSITION.

The Sheriff is an independent constitutional officer and is elected to his position pursuant to the Florida Constitution. Art. VIII, § 1(d), Fla. Const. Federal Courts in Florida have consistently concluded that sheriffs are of sufficient rank to warrant protection from depositions. *See Odom v. Roberts*, 337 F.R.D. 359 (N.D. Fla. 2020) (Sheriff of Jackson County, Florida); *Buckler v. Israel*, 2014 WL 7777678, at *2 (S.D. Fla. Nov. 13, 2014) (former Sheriff of Broward County, Florida); *Slone v. Judd*, 2011 WL 1584421, at *1 (M.D. Fla. Apr. 26, 2011) (Sheriff of Polk County, Florida); *McDaniel v. Bradshaw*, 2011

---

[3] *Colby Alexander Frank v. Michael Jude Chitwood, et al.*, Case Number: 2024 13385 CIDL, Doc. 96.

WL 13150501, at *2 (S.D. Fla. May 23, 2011) (Sheriff of Palm Beach County, Florida); *Gray v. Kohl*, 2008 WL 1803643, at *1 (S.D. Fla. Apr. 21, 2008) (Sheriff of Monroe County, Florida). The practice of calling high officials as witnesses, absent extraordinary circumstances, should be discouraged. *See In re U.S.*, 985 F.2d 510, 512 (11th Cir. 1993). "The reason for requiring exigency before allowing the testimony of high officials is obvious. High ranking government officials have greater duties and time constraints than other witnesses." *Id*.

There is no special need or exigency that requires the Sheriff, a non-party, to appear for deposition in Frank's federal lawsuit against Fine. Frank may argue that the Sheriff has personal knowledge of Fine's comments at the press conference. However, if alternate witnesses are available to provide testimony, there are no extraordinary circumstances or special need for a high-ranking government official's testimony. *Id.* at 513 (concluding that the record failed to support a finding of special need for compelling the testimony of Commissioner of the Food and Drug Administration to testify because the record disclosed that testimony was available from alternate witnesses). In *Odom v. Roberts*, the Northern District set out four elements a deposing party must show to demonstrate a sheriff should be deposed:

(1) deposing the official is necessary to obtain relevant, "first-hand" information;

(2) the information possessed by the official is important to the case;

(3) the deposition would not significantly interfere with the ability of the official to perform his government duties or reasonable accommodations could ameliorate such interference; and

(4) the evidence sought is not reasonably available through less-burdensome means or alternative sources.

In *Odom v. Roberts*, the Jackson County Sheriff's motion for protective order was denied. *Id.* at 366. However, the facts in *Odom* are distinguishable and show why a protective order is appropriate in the instant case. In *Odom*, the court found that the sheriff likely had first-hand information no other witness possessed. *Id.* at 365. Additionally, the plaintiff deposed a substantial number of witnesses before deposing the sheriff and propounded interrogatories to the sheriff, which the sheriff responded to with boilerplate objections. *Id.* at 365-66. The court determined the plaintiff

reasonably attempted to exhaust all other avenues to obtain the relevant information possessed by the sheriff. *Id.* at 365-66.

Here, Frank has made no attempt to obtain relevant information from other sources, let alone reasonably exhaust all other available avenues. *See generally McDaniel v. Bradshaw*, 2011 WL 13150501, at 1 ("an official should be subject to deposition only after: (1) a litigant seeking his deposition has exhausted other sources that might yield the information sought and (2) a showing by the litigant that the official is likely to possess that information.") (internal quotation marks omitted). Upon information and belief, the Sheriff is the first individual Frank has sought to depose in the instant case.

There are abundant alternate witnesses available to Frank. The Sheriff's presence at the press conference was witnessed by numerous individuals, including Fine, a party to this action. Frank has made no effort to depose anyone else, not even his opposing party. In addition to the press conference being attended by dozens of individuals, the entire event was recorded. Video of the entire press conference is available to show what was said during the conference. The Sheriff's testimony is not necessary to determine what took place at a public event witnessed by many. Prior to deposing a high-ranking government official, Frank should at least try to

explore the other numerous avenues available to him. If a party seeking to depose a high-ranking government official fails to demonstrate that the information he seeks is unavailable from other sources, a protective order is warranted. *Davis on behalf of J.D.D. v. Carroll*, No. 8:16-CV-0998-T-35MAP, 2017 WL 11151858 (M.D. Fla. July 24, 2017).

## II. THE SHERIFF'S DEPOSITION IS SOUGHT FOR AN IMPROPER PURPOSE.

In seeking to depose the Sheriff, Frank seeks to negate the immunity granted to the Sheriff in state court. This deposition is sought merely to annoy, embarrass, and oppress the Sheriff. "A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken…. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense…." Fed. R. Civ. P. 26(c)(1). Comments the Sheriff may have made at a press conference are beyond the scope of discovery and are irrelevant to this proceeding. Frank's claims for relief in the instant case are against Fine, not the Sheriff. (Doc. 48, ¶¶ 73 -88). Frank's main purpose in deposing the

Sheriff is to obtain information from the Sheriff he is currently not entitled to in his state court case.

## III. IF PERMITTED, THE SHERIFF'S DEPOSITION SHOULD BE LIMITED.

If the Court denies the Sheriff's motion for protective order, the Sheriff alternatively requests the Court to limit the scope and duration of the deposition. In *Odom*, even though the Northern District denied the request for a protective order, the court, understanding the sheriff's responsibilities as a high-ranking official, limited the duration of the deposition to two hours. *Odom*, 337 F.R.D. at 366. In *McDaniel v. Bradshaw*, the plaintiff also sought to compel a sheriff to appear for deposition. No. 10-81082-CIV, 2011 WL 13150501 (S.D. Fla. May 23, 2011). The plaintiff wished to question the sheriff on two topics: (1) an agreement the sheriff's office entered into with a municipal police department; and (2) a telephone conversation the sheriff had the night the plaintiff was arrested. *Id.* at 2. The court partially granted a protective order since the plaintiff failed to demonstrate that the sheriff had exclusive knowledge of the terms of the agreement. *Id.* However, since the sheriff had personal information regarding a private phone conversation, the court permitted the deposition to proceed but limited its duration to 45

minutes and narrowed its scope to questions relating to the phone conversation.[4] *Id.*

If the Court requires the Sheriff to testify, the Sheriff requests that his deposition be limited to relevant information concerning Frank's allegations against Fine and limited to 45 minutes.

## CONCLUSION

WHEREFORE, Sheriff Michael J. Chitwood requests this Court grant this motion for protective order, or, alternatively, issue an order limiting the duration and scope of the Sheriff's deposition.

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned hereby certifies that on October 14, 2026, he conferred with Plaintiff, Colby Alexander Frank, by telephone. Frank agreed that the Sheriff should not be compelled to respond to the subpoenas for document production by 6:06 p.m. on October 15, 2026. Frank also

[4] Based on new evidence, the sheriff in *McDaniel* requested the court to reconsider its partial denial of his motion for protective order. *McDaniel v. Bradshaw*, No. 10-81082-CIV, 2011 WL 13150486 (S.D. Fla. June 8, 2011). The plaintiff testified that she had no information that the private telephone conversation that the sheriff was to testify about even took place. *Id.* Since the court's previous order was based on the plaintiff's misrepresentation, the court ordered that the plaintiff could not depose the sheriff. *Id.*

agreed that the deposition of the Sheriff should take place after this Court's ruling on the motion for protective order, which he hoped would occur in December of 2026. The parties otherwise did not reach agreement as to the resolution of any part of the motion.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed with the CM/ECF System, and a copy via electronic and U.S. Mail to Colby Alexander Frank, P.O. Box 1177, Santa Rosa Beach, Florida 32459 (dariusthecarryus@gmail.com) on October14, 2026.

/s/W. Kevin Bledsoe
W. Kevin Bledsoe, Esq.
Deputy County Attorney
Fla. Bar No.: 0029769
123 W. Indiana Avenue
DeLand, Florida 32720
(386) 736-5950
kbledsoe@volusia.gov
mefird@volusia.gov

Exhibit A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Colby Alexander Frank
*Plaintiff*
v.
Randall Adam Fine
*Defendant*

Civil Action No. 6:23-cv-2043-JSS-RMN

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Michael J. Chitwood, Sheriff of Volusia County 123 W. Indiana Ave., DeLand, FL 32720

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See Attachment B - Examination Topics.

| Place: 101 North Alabama Avenue DeLand, FL 32724 | Date and Time: 11/15/2026 10:00 am |
|---|---|

The deposition will be recorded by this method: Stenographic and audiovisual

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Attachment A - Definitions, Instructions, and Requests for Production of Documents and Electronically Stored Information, attached hereto and incorporated herein.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 21, 2026

CLERK OF COURT

[signature]

*Signature of Clerk or Deputy Clerk*

OR

A TRUE COPY (SEAL)
MICHAEL J. CHITWOOD
SHERIFF/DIRECTOR PUBLIC SAFETY
VOLUSIA COUNTY, FLORIDA
DATE 10/13/2026 TIME 1:38 PM

[signature]

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Colby Alexander Frank, Plaintiff, Pro Se, who issues or requests this subpoena, are:
P.O. Box 1177, Santa Rosa Beach, Florida 32459
(941) 275-5712, dariusthecarryus@gmail.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:23-cv-2043-JSS-RMN

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named individual as follows: ______________
______________________________________________________________
______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Tailored Attachment A - Document/ESI Requests**

- Communications between Chitwood and Randall Fine from January 1, 2022 through December 31, 2025 concerning Plaintiff, GDL, literature distributions, the February 27, 2023 press conference, HB 269, or contemplated law-enforcement action.
- Documents and communications concerning planning, scheduling, speakers, talking points, visual materials, names, photographs, and anticipated content of the February 27, 2023 press conference.
- Documents reviewed, received, created, or relied upon by Chitwood before the press conference concerning Plaintiff or identified GDL participants, including alleged criminal conduct, arrests, investigations, intelligence, affiliations, photographs, or literature distributions.
- The photograph, slide, display, list, briefing material, source record, or other material used to identify Plaintiff by name or image at the press conference, plus communications concerning the decision to include Plaintiff.
- Communications with ADL, Yael Hershfield, StopAntisemitism, SPLC, Canary Mission, or similar advocacy organizations concerning Plaintiff/GDL that were considered, transmitted, or maintained in connection with Plaintiff.
- Intelligence alerts, event alerts, threat assessments, situational-awareness products, profiles, watchlists, BOLOs, memoranda, presentations, or similar materials concerning Plaintiff/GDL used or maintained in connection with Plaintiff.
- Communications with FDLE, PBSO, Oakland PD, Palm Bay PD, any state attorney, or other law-enforcement agency identifying Plaintiff and discussing monitoring, investigation, arrest, citation, prosecution, or enforcement arising from literature distribution.
- Documents reflecting any factual basis Chitwood possessed for attributing violent, threatening, criminal, or terroristic conduct to Plaintiff personally, as distinguished from conduct allegedly committed by other persons.
- Documents and communications concerning the January 2024 ADL 'Extremist Event Alert' or any 2024 Daytona 500 monitoring concerning Plaintiff.
- Responsive ESI from official or personal accounts/devices used for the communications above, to the extent within Chitwood's possession, custody, or control; no unrestricted forensic access or whole-device imaging is demanded.

**AO 88A / Rule 30(b)(6) Examination Topics**

- Chitwood's role in and preparation for the February 27, 2023 press conference.
- Communications with Fine before, during, and after the press conference.
- Selection and source of Plaintiff's name, photograph, and identifying information.
- Information actually possessed about Plaintiff personally and whether conduct attributed to others was attributed to Plaintiff.
- Communications with ADL/Hershfield and other advocacy organizations.
- Post-press-conference monitoring, intelligence, and law-enforcement communications concerning Plaintiff/GDL.
- HB 269-related enforcement discussions outside protected legislative deliberations.

**Exhibit B**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Colby Alexander Frank
*Plaintiff*
v.
Randall Adam Fine
*Defendant*

Civil Action No. 6:23-cv-2043-JSS-RMN

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Michael J. Chitwood 123 W. Indiana Ave.,DeLand, FL 32720

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A - Definitions, Instructions, and Requests for Production of Documents and Electronically Stored Information, attached hereto and incorporated herein.

| Place: DeLand, Florida. Electronic production to Plaintiff. | Date and Time: 10/15/2026 6:06 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: September 21, 2026

A TRUE COPY (SEAL)
MICHAEL J. CHITWOOD
SHERIFF/DIRECTOR PUBLIC SAFETY
VOLUSIA COUNTY, FLORIDA
DATE 10/13/2026 TIME 1:38 PM
BY [signature]

CLERK OF COURT

[signature]
*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Colby Alexander Frank, who issues or requests this subpoena, are:

Pro Se, dariusthecarryus@gmail.com, 941-275-5712

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:23-cv-2043-JSS-RMN

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Tailored Attachment A - Document/ESI Requests**

- Communications between Chitwood and Randall Fine from January 1, 2022 through December 31, 2025 concerning Plaintiff, GDL, literature distributions, the February 27, 2023 press conference, HB 269, or contemplated law-enforcement action.
- Documents and communications concerning planning, scheduling, speakers, talking points, visual materials, names, photographs, and anticipated content of the February 27, 2023 press conference.
- Documents reviewed, received, created, or relied upon by Chitwood before the press conference concerning Plaintiff or identified GDL participants, including alleged criminal conduct, arrests, investigations, intelligence, affiliations, photographs, or literature distributions.
- The photograph, slide, display, list, briefing material, source record, or other material used to identify Plaintiff by name or image at the press conference, plus communications concerning the decision to include Plaintiff.
- Communications with ADL, Yael Hershfield, StopAntisemitism, SPLC, Canary Mission, or similar advocacy organizations concerning Plaintiff/GDL that were considered, transmitted, or maintained in connection with Plaintiff.
- Intelligence alerts, event alerts, threat assessments, situational-awareness products, profiles, watchlists, BOLOs, memoranda, presentations, or similar materials concerning Plaintiff/GDL used or maintained in connection with Plaintiff.
- Communications with FDLE, PBSO, Oakland PD, Palm Bay PD, any state attorney, or other law-enforcement agency identifying Plaintiff and discussing monitoring, investigation, arrest, citation, prosecution, or enforcement arising from literature distribution.
- Documents reflecting any factual basis Chitwood possessed for attributing violent, threatening, criminal, or terroristic conduct to Plaintiff personally, as distinguished from conduct allegedly committed by other persons.
- Documents and communications concerning the January 2024 ADL 'Extremist Event Alert' or any 2024 Daytona 500 monitoring concerning Plaintiff.
- Responsive ESI from official or personal accounts/devices used for the communications above, to the extent within Chitwood's possession, custody, or control; no unrestricted forensic access or whole-device imaging is demanded.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action **Exhibit C**

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | | |
|---|---|---|
| Colby Alexander Frank<br>*Plaintiff*<br>v.<br>Randall Adam Fine<br>*Defendant* | ) ) ) ) ) ) | Civil Action No. 6:23-cv-2043-JSS-RMN |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Michael J. Chitwood 123 W. Indiana Ave.,DeLand, FL 32720

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A - Definitions, Instructions, and Requests for Production of Documents and Electronically Stored Information, attached hereto and incorporated herein.

| | |
|---|---|
| Place: DeLand, Florida. Electronic production to Plaintiff. | Date and Time: 10/15/2026 6:06 pm |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| | |
|---|---|
| Place: | Date and Time: |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

A TRUE COPY (SEAL)
MICHAEL J. CHITWOOD
SHERIFF/DIRECTOR PUBLIC SAFETY
VOLUSIA COUNTY, FLORIDA
DATE 10/13/2026 TIME 1:38 PM
BY [signature]

Date: September 21, 2026

CLERK OF COURT

[signature]

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Colby Alexander Frank, who issues or requests this subpoena, are:

Pro Se, dariusthecarryus@gmail.com, 941-275-5712

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 6:23-cv-2043-JSS-RMN

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________

on *(date)* ______________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ______________

______________________________________________________________________

______________________________________ on *(date)* ______________ ; or

❒ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ______________ for travel and $ ______________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person

**(i)** is a party or a party's officer; or

**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:

**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**

The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Tailored Attachment A - Document/ESI Requests**

- Communications between Chitwood and Randall Fine from January 1, 2022 through December 31, 2025 concerning Plaintiff, GDL, literature distributions, the February 27, 2023 press conference, HB 269, or contemplated law-enforcement action.
- Documents and communications concerning planning, scheduling, speakers, talking points, visual materials, names, photographs, and anticipated content of the February 27, 2023 press conference.
- Documents reviewed, received, created, or relied upon by Chitwood before the press conference concerning Plaintiff or identified GDL participants, including alleged criminal conduct, arrests, investigations, intelligence, affiliations, photographs, or literature distributions.
- The photograph, slide, display, list, briefing material, source record, or other material used to identify Plaintiff by name or image at the press conference, plus communications concerning the decision to include Plaintiff.
- Communications with ADL, Yael Hershfield, StopAntisemitism, SPLC, Canary Mission, or similar advocacy organizations concerning Plaintiff/GDL that were considered, transmitted, or maintained in connection with Plaintiff.
- Intelligence alerts, event alerts, threat assessments, situational-awareness products, profiles, watchlists, BOLOs, memoranda, presentations, or similar materials concerning Plaintiff/GDL used or maintained in connection with Plaintiff.
- Communications with FDLE, PBSO, Oakland PD, Palm Bay PD, any state attorney, or other law-enforcement agency identifying Plaintiff and discussing monitoring, investigation, arrest, citation, prosecution, or enforcement arising from literature distribution.
- Documents reflecting any factual basis Chitwood possessed for attributing violent, threatening, criminal, or terroristic conduct to Plaintiff personally, as distinguished from conduct allegedly committed by other persons.
- Documents and communications concerning the January 2024 ADL 'Extremist Event Alert' or any 2024 Daytona 500 monitoring concerning Plaintiff.
- Responsive ESI from official or personal accounts/devices used for the communications above, to the extent within Chitwood's possession, custody, or control; no unrestricted forensic access or whole-device imaging is demanded.