UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COLBY ALEXANDER FRANK,

Plaintiff,

vs.

RANDALL ADAM FINE,

Defendant.

Case No. 6:23-cv-2043-JSS-RMN

# ORDER

This matter is before the Court without oral argument on non-party Michael Chitwood's Motion for Protective Order and to Quash Subpoenas (Dkt. 130), filed on October 14, 2026. The Court ordered Plaintiff to respond to the Motion in no more than 10 pages on or before October 28. Dkt. 131. Plaintiff filed a response that violated the Court's Local Rules. Dkt. 132. The response was stricken and Plaintiff ordered to file an amended response on or before October 28. Dkt. 133. Plaintiff failed to file a timely response.[1] Nonetheless, the Motion is due to be granted.

---

[1] In the interests of judicial economy, the response will be considered to the extent relevant.

On October 13, 2026, the Volusia County Sheriff's Office received multiple subpoenas directed to Sheriff Chitwood. *See* Dkt. 130 at 896–907.[2] One subpoena directs Sheriff Chitwood to testify at a deposition scheduled for Sunday, November 15, 2026. *Id.* at 896. The other two subpoenas request document productions to be made on October 15, 2026, at a place detailed as "Deland, Florida. Electronic production to Plaintiff." *Id.* at 900, 904.[3]

As a high-ranking government official, Sheriff Chitwood may not be called to testify about his reasons for taking official actions "absent extraordinary circumstances." *In re United States*, 985 F.2d 510, 512 (11th Cir. 1993). It does not appear Plaintiff disputes Sheriff Chitwood is a "high-level government official," nor does he dispute that he can or has attempted to obtain the information from other sources. In fact, in Plaintiff's previously stricken response to the Motion, he states that, if necessary, he would attempt to gather information from alternative sources before deposing Sheriff

---

[2] In this Order, pin citations to the record reference the PageID found in the CM/ECF header of each page.

[3] Sheriff Chitwood's Motion is focused on the deposition scheduled for November 15 and does not request any relief as to the two document subpoenas. *See* Dkt. 130. In any event, the Court would have granted relief as to those subpoenas because they are facially invalid. *See Taylor Freezer Sales Co. of GA., Inc. ex rel. Kytch Inc. v. Mcdonald's Corp.*, No. 2:23-cv-180, 2023 WL 12255327, at *1 (N.A. Ga. Sept. 22, 2023) (explaining Rule 45's requirement that the subpoena specify a "place" for compliance to determine whether the commanded compliance falls within the geographical limits placed on Rule 45).

Chitwood. *See* Dkt. 132 at 910. Thus, Plaintiff has not established "extraordinary circumstances" such that it would be appropriate to depose Sheriff Chitwood. The Motion for Protective Order (Dkt. 130) is therefore **GRANTED**. Sheriff Chitwood will not be diverted from his duties to testify according to this subpoena (Dkt. 130 at 896).

**DONE** and **ORDERED** in Orlando, Florida, on November 2, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Counsel of Record