**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION**

COLBY ALEXANDER FRANK, an individual,

Plaintiff,

v.

RANDALL ADAM FINE (A/K/A RANDY FINE)

DEFENDANT.

Case No.: 6:23-cv-2043-JSS-RMN

**PLAINTIFF'S RESPONSE IN OPPOSITION TO MICHAEL J. CHITWOOD'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS**

## PLAINTIFF'S RESPONSE IN OPPOSITION TO MICHAEL J. CHITWOOD'S MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENAS

Plaintiff Colby Alexander Frank opposes nonparty Michael J. Chitwood's October 14, 2026 motion for protective order and to quash subpoenas (the "Motion"). Plaintiff agrees that the document-production dates stated in the subpoenas should be extended and that the Sunday deposition date should be replaced with a mutually workable weekday. Sheriff Chitwood's firsthand involvement in the very February 27, 2023 press conference alleged in the operative complaint deem his discovery necessary. Plaintiff respectfully requests denial of the Motion insofar as it seeks categorical protection.

Plaintiff advises the Court that due to procedural delays regarding Rule 45 and the Hurricane Isaias, the document-production subpoenas will likely not be served with reasonable time to comply and respectfully consents to all document-production across all subpoenas being fulfilled 21 days after service.

## I. THE DISPUTE CAN BE NARROWED WITHOUT EXTINGUISHING DISCOVERY

1. The Motion states that two document subpoenas received October 13, 2026 specified October 15, 2026 production and that a deposition subpoena specified Sunday, November 15, 2026 at a courthouse closed that day. Mot. at 1–3. Plaintiff acknowledges that the two-day production period was not a reasonable time for compliance and that a Sunday courthouse deposition was impractical. Plaintiff did not intend to compel either event on those dates, as counsel's conferral certification acknowledges. Id. at 2–3, 10–11.

2. Plaintiff consents to modification of the document-production date for this subpoena to a date 21 days after the Court resolves the Motion. Plaintiff also consents to a weekday deposition at a mutually agreed location within Rule 45(c), with reasonable accommodations for official duties, or by remote means if the witness agrees and the applicable procedural requirements are satisfied. Plaintiff will coordinate scheduling with Defendant Fine's counsel

and arrange an authorized officer and recording method. Plaintiff does not seek to impose the original defective dates.

3. The appropriate remedy for unreasonable compliance timing is modification, not categorical suppression of relevant testimony and documents. See Fed. R. Civ. P. 26(c), 45(d)(3)(A)(i). To the extent the Motion identifies genuine burden, the Court can narrow topics, set a production schedule, and limit deposition duration.

## II. CHITWOOD HAS FIRSTHAND, MATERIAL KNOWLEDGE THAT THE PUBLIC VIDEO CANNOT SUPPLY

4. The Third Amended Complaint expressly addresses the February 27, 2023 press conference and Sheriff Chitwood's participation. See Doc. 48 ¶¶ 20–34; Mot. at 4. This is not discovery of an unrelated public official about an unrelated dispute. The operative claims against Fine concern the same conference and alleged retaliatory conduct.

5. Plaintiff seeks evidence about (a) communications between Fine and Chitwood before and after the event; (b) who proposed naming or displaying Plaintiff and who selected Plaintiff's photograph; (c) the sources, accuracy, and transmission of any intelligence or accusations about Plaintiff; (d) the preparation and coordination of talking points and visual displays; and (e) communications and decisions concerning Plaintiff, as distinct from other

persons. The subpoena requests attached to Chitwood's Motion as Exhibits A–C identify these topics with particularity. See Motion Exhibits A–C.

6. A recording shows what participants publicly said. It does not disclose who selected the photograph, supplied the underlying information, requested inclusion of Plaintiff, coordinated with Fine privately, or possessed firsthand knowledge of those preparatory communications. Other spectators cannot testify about Chitwood's private communications or decisions. The fact that Fine may also be deposed does not render Chitwood's distinct firsthand knowledge redundant.

7. Plaintiff does not contend that Chitwood's status as sheriff is irrelevant. Rather, the very authorities invoked by the Motion recognize a fact-specific inquiry. In *Odom v. Roberts*, 337 F.R.D. 359, 364–66 (N.D. Fla. 2020), the court permitted a sheriff's deposition upon a showing of important firsthand knowledge and reasonable accommodations. In *McDaniel v. Bradshaw*, No. 10-81082-CIV, 2011 WL 13150501 (S.D. Fla. May 23, 2011), the court permitted a limited deposition about the sheriff's personal telephone conversation. These decisions refute any categorical rule that a sheriff can never be deposed.

8. Plaintiff acknowledges that the apex doctrine requires careful consideration of alternative sources and burden. See *In re United States*, 985 F.2d 510,

512–13 (11th Cir. 1993). If the Court finds that less intrusive discovery should occur first, Plaintiff requests a staged process: prompt document production and identification of knowledgeable subordinate custodians, followed by a narrowly confined deposition of Chitwood about matters uniquely within his personal knowledge. Plaintiff requests leave to renew or complete the deposition after reviewing such evidence rather than permanent quashing.

**III. THE IMMUNITY ARGUMENT CONFUSES LIABILITY WITH THIRD-PARTY DISCOVERY**

9. The Motion invokes a judgment in Plaintiff's separate Florida state-court action and characterizes the state court as finding that Chitwood was protected by absolute immunity. Mot. at 3–4. That judgment is on appeal, according to the Motion. Whatever legal effect that judgment may have in the separate action, the Motion does not establish that it gives Chitwood an evidentiary privilege against providing relevant, nonprivileged testimony in this federal case against Fine.

10. Immunity from damages liability for particular official acts is not itself a testimonial privilege. Rule 26(b)(1) permits discovery of nonprivileged matter relevant to a party's claim or defense and proportional to the needs of the case. Rule 45 provides safeguards for nonparties. The Motion identifies

no applicable privilege that categorically bars questioning Chitwood about his own communications with Fine or the origin of information presented at the conference.

11. Plaintiff does not seek through this response to re-litigate the state judgment or obtain a federal appellate review of it. Nor is the subpoena dependent on Chitwood becoming a defendant. The present relevance flows from the claims already pleaded against Fine and from Chitwood's firsthand participation in events alleged in Doc. 48. The state action's improper dismissal does not make the same historical facts irrelevant to a different defendant's conduct.

12. The Court should therefore reject the Motion's suggestion that a state-court immunity ruling makes discovery about Chitwood's personal knowledge improper. Any specific privilege, confidentiality concern, or law-enforcement sensitivity can be raised with particularity and addressed by redaction, a privilege log, narrowed requests, or an appropriate narrowly tailored protective order. See Fed. R. Civ. P. 26(c), 45(e)(2).

## IV. THE BROADER SUBPOENA PROGRAM AND ADMINISTRATIVE DELAYS NEGATE ANY INFERENCE OF TARGETED HARASSMENT

13. The three subpoenas addressed in the Motion are part of a broader discovery effort involving approximately twenty subpoenas directed to multiple

witnesses and records custodians. Chitwood was not singled out. Plaintiff is pursuing overlapping evidence from several sources to identify who communicated with Fine, who selected and disseminated information about Plaintiff, and how the February 27, 2023 presentation was organized. The fact that multiple sources are being pursued also provides a means to corroborate or test the recollections of individual witnesses.

14. Plaintiff originally sought to obtain and serve the subpoenas substantially earlier. Mailing and civil-process service delays interfered with that plan. In addition, when Plaintiff requested issuance of subpoenas under Rule 45(a)(3), the Clerk required him to complete recipient-specific forms before the Clerk would sign them, rather than issuing signed forms otherwise in blank. Plaintiff complied with the Clerk's administrative instruction, but the additional preparation and mailing further delayed issuance and service. Plaintiff offers this chronology to explain the compressed compliance dates and consents to reasonable modification.

15. The resulting October 15 document deadline and Sunday deposition setting were not designed to impose an impossible burden or embarrass the Sheriff. Plaintiff has expressly agreed to replace them with workable dates and reasonable scheduling accommodations. Plaintiff does not suggest that issuance of other subpoenas, exhausts the less-burdensome alternatives

relevant to the apex inquiry; rather, those efforts demonstrate good faith, and Chitwood's firsthand role makes the requested testimony distinct from what other custodians can supply.

**V. THE REQUEST IS NOT HARASSMENT OR AN IMPROPER END-RUN**

16.The Motion asserts that Plaintiff seeks to annoy or oppress Chitwood and to obtain discovery unavailable in state court. Mot. at 8–9. The cited circumstances do not establish an improper purpose. Chitwood participated personally in the press conference alleged in this action, and Plaintiff's subpoena topics address the preparation, communications, factual sources, and coordination relevant to Fine's conduct. Those are ordinary subjects of fact discovery.

17.Plaintiff proposes initial production of communications between Fine and Chitwood about the February 27, 2023 conference; planning and preparation materials; records showing the source and selection of Plaintiff's name and photograph; and records reflecting information about Plaintiff actually reviewed or supplied for that event.

18.Plaintiff also accepts a focused initial deposition consistent with the accommodation employed in *Odom*, on the sheriff's personal communications, decisions, sources of information, and involvement in the

conference. Plaintiff requests that the Court decline the proposed 45-minute limit as insufficient to cover multiple firsthand topics.

### VI. ANY FUTURE JOINDER REQUEST IS SEPARATE FROM THIS DISCOVERY DISPUTE

19.Plaintiff is evaluating whether the facts developed through discovery may warrant a separate motion for leave to amend under Rules 15 and 21 to assert claims against additional individuals, potentially including Chitwood. Plaintiff does not seek joinder through this response, does not ask the Court to prejudge any future motion, and recognizes that limitations, claim preclusion, immunity, personal involvement, and the scheduling order would require independent analysis. The pending subpoenas stand or fall on their relevance to the existing claims against Fine, not on speculative future joinder.

## VII. REQUESTED RELIEF

WHEREFORE, Plaintiff requests that the Court:

(A) **DENY** the Motion insofar as it seeks categorical protection from all document discovery and deposition testimony;

(B) **MODIFY** the two document subpoenas to allow 21 days after resolution of the Motion for compliance, or another reasonable agreed date;

(C) **VACATE** the Sunday, November 15, 2026 deposition date and permit rescheduling on a coordinated weekday, with reasonable accommodations;

(D) **ALLOW** a focused deposition addressing Chitwood's firsthand knowledge of communications with Fine, preparation of the February 27, 2023 conference, the

selection and source of Plaintiff's identifying information, and information actually possessed or transmitted concerning Plaintiff;

(E) Alternatively, permit staged production and other less intrusive discovery followed by a renewed request for a limited deposition; and

(F) Grant such other relief as is just.

Respectfully submitted,

/s/ Colby Alexander Frank
COLBY ALEXANDER FRANK
P.O. Box 1177
Santa Rosa Beach, FL 32459
(941) 275-5712
dariusthecarryus@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been e-mailed to opposing counsel at email addresses <jonathan.kaskel@dentons.com> ; <kbledsoe@volusia.gov> on 10/15/2026.

/s/ Colby Alexander Frank
Colby Alexander Frank, *Pro Se*
P.O. Box 1177
Santa Rosa Beach, FL 32459
(+1) 941.275.5712
dariusthecarryus@gmail.com