UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

COLBY ALEXANDER FRANK,

Plaintiff,

vs.

RANDALL ADAM FINE,

Defendant.

Case No. 6:23-cv-2043-JSS-RMN

# ORDER

This matter is before the Court without oral argument on a Motion for Protective Order and to Quash Subpoenas (Dkt. 138), filed by Michael A. Caruso, who is not a party to this action.[1] Plaintiff, Colby Alexander Frank, filed a response to the motion that was stricken because the response exceeded the limits imposed by the Standing Order on Discovery. Dkts. 139 (stricken response), 140 (endorsed order striking the response). The Court will nevertheless consider the arguments made in the response.

[1] Mr. Caruso served as a member of the Florida House of Representatives from 2018 until 2025. Records of the Florida House indicate that Mr. Caruso was "co-introducer" of the legislation at the center of Plaintiff's claims, House Bill 269, with the Defendant, Mr. Fine. *See* Dkt. 48 ¶¶ 18, 69–72, 78; *see also* Fla. HB 269 (2023), *available at* https://www.flsenate.gov/Session/Bill/2023/269/ByCategory.

Pursuant to Federal Rule of Civil Procedure 45, Plaintiff served two subpoenas on Mr. Caruso, one seeking certain documents (Dkt. 136-1 at 949–52[2]) and the other seeking deposition testimony (Dkt. 136-2 at 953–56). Mr. Caruso moves to quash both subpoenas because they are procedurally invalid and because the subpoenas seek documents and testimony concerning Mr. Caruso's acts as a state legislature. Dkt. 138.

On November 17, 2026, I granted Mr. Caruso's motion to quash the subpoenas given Plaintiff's admission that the issued subpoenas were procedurally invalid and did not conform to Rule 45's requirements. Dkt. 141 (endorsed order referring to concessions made in Dkt. 139). This order considers Mr. Caruso's request for a protective order.

Federal Rule of Civil Procedure 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending" and the court may, for good cause, issue an order forbidding discovery. Fed. R. Civ. P. 26(c)(1)(A). The second subpart of Rule 26(c) provides that, "[i]f a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery." Fed. R. Civ. P. 26(c)(2).

Federal common law provides a privilege to state legislators. *Pernell v. Fla. Bd. of Governors of State Univ.*, 84 F.4th 1339, 1343 (11th Cir. 2023).

---

[2] In this Order, pin citations to the record reference the PageID found in the CM/ECF header of each page.

This privilege provides legislators immunity from liability for their legislative acts and acts as an evidentiary privilege, freeing them from compulsory process in civil litigation. *See Sup. Ct. of Va. v. Consumers Union of U.S., Inc.*, 446 U.S. 719, 731 (1980).

Legislative privilege applies where it is shown a legislator's act was legislative in character. *See, e.g.*, *Eastland v. U.S. Servicemen's Fund*, 421 U.S. 491, 503 (1975) (reasoning that, "once it is determined that Members are acting within the 'legitimate legislative sphere' the Speech or Debate Clause is an absolute bar to interference"). To be sure, the privilege extends beyond the act of voting on legislation. *Id.* at 503–04. "In determining whether particular activities other than literal speech or debate fall within the legitimate legislative sphere" courts look to see whether the activities are "an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House." *Id.* (internal quotations and citations omitted).

"Whether an act is legislative turns on the nature of the act, rather than on the motive or intent of the official performing it." *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). For this reason, even the "claim of an unworthy purpose does not destroy the privilege." *Tenney v. Brandhove*, 341 U.S. 367, 377 (1951).

Plaintiff contends that the subpoenas seek documents and testimony concerning "nonlegislative conduct." Dkt. 139 at 972–73. Although he concedes that "formulating a generally applicable statute is legislative activity," Plaintiff contends that Mr. Caruso's "communications involving Palm Beach County officials, the Palm Beach County Sherrif's Office, prosecutors, the Anti-Defamation League, and other law enforcement personnel" that relate to "operational law enforcement decisions or the treatment of specifically identified individuals" are not legislative in character. Dkt. 139 at 973–74.

Plaintiff's arguments fall short. First, the subpoenas are not, as Plaintiff argues, narrowly limited to seeking information concerning nonlegislative affairs. Rather, the requests attached to each subpoena betray their intended purpose: to plum the legislative process leading to HB 269. The document subpoena, for instance, seeks communications with the Defendant concerning "HB 269, or enforcement against literature distributors." Dkt. 138-1 at 964. It also seeks documents "concerning the purpose, anticipated enforcement, or use of HB 269 against GDL-associated literature distribution," as well as "records personally retained from legislative service concerning . . . the foregoing subjects." *Id.* In sum, the information and materials sought by Plaintiff are plainly intended to uncover the legislators' subjective motivations. For this reason alone, the motion is granted. *See Pernell*, 84 F.4th at 1343 ("If the document is sought for an impermissible purpose, the inquiry is over.").

Second, Plaintiff's arguments presume that communications about the operational aspects of law enforcement, the observations of prosecutors and others, or concerns about particular individuals or acts are nonlegislative. That presumption is incorrect. The privilege encompasses materials and communications collected by legislators during formal investigations. *See, e.g.*, *Eastland*, 421 U.S. at 505–06 (holding that subpoenas issued in the context of formal investigations conducted by a congressional committee are protected by the Speech and Debate Clause of the United States Constitution).[3] And it protects other materials so long as the legislator was engaged in actions considered "an integral part of the deliberative and communicative processes by which [legislators] participate in . . . proceedings with respect to the consideration and passage or rejection of proposed legislation." *Bryant v. Jones*, 575 F.3d 1281, 1304–05 (11th Cir. 2009) (quoting *Smith v. Lomax*, 45 F.3d 402, 405 (11th Cir. 1995)). Because the materials and information sought by Plaintiff here plainly concern the consideration and passage of HB 269, the privilege applies and nonparty Caruso's Motion for protective order is granted.

Lastly, Federal Rule of Civil Procedure 37(a)(5) provides that, if a motion for protective order is granted, the Court must, after giving an

---

[3] The law is murkier regarding whether an individual legislator pursuing an informal investigation and acting without committee authorization is protected. *See Fulton Cnty. Special Purpose Grand Jury v. Graham*, No. 22-12696, 2022 WL 13682659, at *1 (11th Cir. Oct. 20, 2022) (noting disagreement on this issue among different Courts of Appeal).

opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. Plaintiff shall therefore show cause why the Court should not award Mr. Caruso the costs he incurred in making the motion. Mr. Caruso may file a reply to Plaintiff's response.

Accordingly, it is **ORDERED**:

1. Mr. Caruso's Motion for Protective Order (Dkt. 138) is **GRANTED**;

2. Plaintiff is prohibited from seeking discovery or testimony from Mr. Caruso absent leave of Court;

3. On or before December 1, 2026, Plaintiff and counsel for Mr. Caruso shall meet and confer regarding the amount and basis of costs incurred in making this motion. If there is agreement as to the award and its amount, Plaintiff or Mr. Caruso shall inform the Court by notice no later than December 4, 2026;

4. Absent such agreement, Plaintiff shall show cause, in a written response consisting of no more than five pages filed on or before December 4, 2026, why the Court should not award costs, as required by Federal Rule of Civil Procedure 37(a)(5); and

5. Mr. Caruso may file a written reply to Plaintiff's response on or before January 5, 2027. The reply may be no longer than five pages and shall include the amount and basis of the costs sought.

**DONE** and **ORDERED** in Orlando, Florida, on November 18, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Colby Alexander Frank
Dariusthecarryus@gmail.com

Counsel of Record